FILED
530
FEB 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1    **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2    Name __ZARAGOZA___ ___ENRIQUE___ _____
         (Last)            (First)            (Initial)

3    Prisoner Number ___H-22428___

4    Institutional Address _CALIFORNIA CORRECTIONAL INSTITUTION,_

5    _4B-2B-108, P.O. BOX 1906, TEHACHAPI, CA. 93581_

6    ===================================================

7    **UNITED STATES DISTRICT COURT**
     **NORTHERN DISTRICT OF CALIFORNIA**

8    _ENRIQUE ZARAGOZA_____
     (Enter the full name of plaintiff in this action.)

9                                          CV 08        1182

                vs.                        Case No. _____
10                                         (To be provided by the clerk of court)
     _W.J. Sullivan, Warden._                                    CW
11   _____      **PETITION FOR A WRIT**
                                **OF HABEAS CORPUS**
12   _____
                                E-filing  **(PR)**
13   _____

14   _____
     (Enter the full name of respondent(s) or jailor in this action)

15   _____

16   ===================================================

     <u>Read Comments Carefully Before Filling In</u>

17   <u>When and Where to File</u>

18        You should file in the Northern District if you were convicted and sentenced in one of these

19   counties:  Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20   San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma.  You should also file in

21   this district if you are challenging the manner in which your sentence is being executed, such as loss of

22   good time credits, and you are confined in one of these counties.  Habeas L.R. 2254-3(a).

23        If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in

24   one of the above-named fifteen counties, your petition will likely be transferred to the United States

25   District Court for the district in which the state court that convicted and sentenced you is located.  If

26   you are challenging the execution of your sentence and you are not in prison in one of these counties,

27   your petition will likely be transferred to the district court for the district that includes the institution

28   where you are confined.  Habeas L.R. 2254-3(b).

     PET. FOR WRIT OF HAB. CORPUS          - 1 -

1  <u>Who to Name as Respondent</u>

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10 <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11     1. What sentence are you challenging in this petition?

12       (a)   Name and location of court that imposed sentence (for example; Alameda

13           County Superior Court, Oakland):

14     SACRAMENTO COUNTY SUPERIOR COURT    SACRAMENTO

15           Court                     Location

16       (b)   Case number, if known  93F08609

17       (c)   Date and terms of sentence  12/01/93  5 YEARS

18       (d)   Are you now in custody serving this term? (Custody means being in jail, on

19           parole or probation, etc.)    Yes ✓  No _____

20           Where?

21           Name of Institution: CALIFORNIA CORRECTIONAL INSTITUTION

22           Address: P.O. BOX 1906, TEHACHAPI CA 93581

23     2. For what crime were you given this sentence? (If your petition challenges a sentence for

24 more than one crime, list each crime separately using Penal Code numbers if known. If you are

25 challenging more than one sentence, you should file a different petition for each sentence.)

26 1-COUNT OF PENAL CODE 34501, and 1-COUNT OF PENAL CODE

27 §4502

28 _____

PET. FOR WRIT OF HAB. CORPUS    - 2 -

3. Did you have any of the following?

    Arraignment:                                   Yes __✓__    No _____

    Preliminary Hearing:                     Yes _____    No __✓__

    Motion to Suppress:                    Yes _____    No __✓__

4. How did you plead?

    Guilty _____    Not Guilty _____    Nolo Contendere __✓__

    Any other plea (specify) _NOLO CONTENDERE THROUGH Plea Bargin._

5. If you went to trial, what kind of trial did you have?

    Jury _____    Judge alone_____    Judge alone on a transcript _____

6. Did you testify at your trial?            Yes _____    No __✓__

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment                Yes __✓__    No _____

    (b)    Preliminary hearing      N/A Yes _____    No _____

    (c)    Time of plea              Yes __✓__    No _____

    (d)    Trial                   N/A Yes _____    No _____

    (e)    Sentencing              Yes __✓__    No _____

    (f)    Appeal                 N/A Yes _____    No _____

    (g)    Other post-conviction proceeding N/A Yes _____    No _____

8. Did you appeal your conviction?        Yes _____    No __✓__

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal             Yes _____    No _____

        Year: _____    Result:_____

        Supreme Court of California    Yes _____    No _____

        Year: _____    Result:_____

        Any other court            Yes _____    No _____

        Year: _____    Result:_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS      - 3 -

petition?                                          Yes _____      No_____

(c)    Was there an opinion?                        Yes _____      No_____

(d)    Did you seek permission to file a late appeal under Rule 31(a)?

Yes _____      No_____

If you did, give the name of the court and the result:

_____

_____

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes _____      No_✓__

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

N/A (a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

II.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS        - 4 -

1            a._____

2            b._____

3            c._____

4            d._____

5            Result: _____Date of Result:_____

6      III.    Name of Court: _____

7            Type of Proceeding: _____

8            Grounds raised (Be brief but specific):

9            a._____

10           b._____

11           c._____

12           d._____

13           Result: _____Date of Result:_____

14     IV.    Name of Court: _____

15           Type of Proceeding: _____

16           Grounds raised (Be brief but specific):

17           a._____

18           b._____

19           c._____

20           d._____

21           Result: _____Date of Result:_____

22     (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                       Yes _✓_    No\_\_\_\_

24      Name and location of court: _SUPREME COURT OF CALIFORNIA, Los Angeles._

25  **B. GROUNDS FOR RELIEF**

26      State briefly every reason that you believe you are being confined unlawfully. Give facts to

27  support each claim. For example, what legal right or privilege were you denied? What happened?

28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS     - 5 -

1  need more space.  Answer the same questions for each claim.

2       [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: UNVOLUNTARY PLEA OF GUILT BASE ON INEFFECT-

6  IVE ASSISTENCE OF COUNSEL, IN VIOLATION OF PETITIONERS
   6th and 14th AMENDMENT RIGHTS UNDER THE U.S.A. CONSTITU-
   TION.

7  Supporting Facts: On 12/01/93 Petitioner 'bargained'

8  and negotiated for a specific 'Plea bargained'

9  in order to secure dismissal of more serious

10 charges, and to serve no more THAN 5 YEARS
   (CONTINUE ON additional SHEETS)

11 Claim Two: COURT FAILED TO REDUCE DEGREE OF CHARGE, ERROR

12 HAS PREJUDICE PETITIONER AND CAUSED HIM HIS LIBERTY
   AND LOST OF PROPERTY IN VIOLATION OF HIS 14th AMEND-
   MENT RIGHTS UNDER THE CONSTITUTION OF THE U.S.A.

13 Supporting Facts: PETITIONER WAS CHARGED WITH 5 (five) counts

14 IN A FIRST AMENDED COMPLAINT DATED NOV 19,

15 1993. COUNTS 1 AND 2 PERTAINED TO ONE

16 INCIDENT WHICH OCCURED ON MAY 24, 1993.
   (CONTINUE on ADDITIONAL SHEETS)

17 Claim Three:_____

18 _____

19 Supporting Facts:_____

20 _____

21 _____

22 _____

23      If any of these grounds was not previously presented to any other court, state briefly which

24 grounds were not presented and why:

25 _____

26 _____

27 _____

28 _____

PET. FOR WRIT OF HAB. CORPUS        - 6 -

CONTINUATION OF SUPPORTING FACTS FOR CLAIM ONE:

1  FOR A LESSER CHARGE OF PENAL CODE SECTION 4501, and
2  FOR THE charge OF PENAL CODE SECTION 4502. THIS Plea
3  bargain WAS 'unfairly obtained' through a public
4  deffender attorney appointed to petitioner.
5      Petitioner served the entire 5 YEAR SENTENCE, which
6  was added to a 2 YEAR 8 month sentence petitioner
7  WAS already serving. On 9/11/2000, petitioner
8  WAS once more sentence to serve A very
9  severe sentence of 25 YEARS TO Life, under
10 the Californias Three STRIKE Law, to which his
11 third strike is a mere 'reckless driving', and
12 EVADING AN officer, which in this case caused
13 no harm to the public NOR property. Petitioners
14 1993 conviction for penal code section 4501 WAS use
15 AS a second violent strike to which enabled
16 the prosecution to STRIKE OUT petitioner and
17 sentence him to the severe 25 YEARS TO Life sentence.
18 HERE LAYS THE FAILURE BY PETITIONERS COUNSEL TO
19 meet an obligation to petitioner guaranteed to
20 him under the SIXTH AMENDMENT OF THE
21 CONSTITUTION OF THE UNITED STATES OF AMERICA.
22 PETITIONER HAS NOW SERVED OVER 13 YEARS IN GREAT
23 PART DUE to the Pleabargain to which he WAS
24 PROMISE would serve no more THAN 5 YEARS. The
25 phase of the process of criminal justice, and the
26 adjudicative element 'inherent' in accepting a plea
27 OF guilty, must be attended by safeguards to in-



sure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

Petitioner Plead NOLO CONTENDERE TO THE charge OF P.C. § 4501 THROUGH IGNORANCE, fear and inadvertence. Counsel fed on petitioners ignorance, and used the possible severe sentence he could face if convicted for all five counts originaly charged in complaint [see Exhibit A, pgs 43,44. OF THIS PETITION] TO PLACE fear in petitioner so he would agree to bargain and plea NOLO CONTENDERE to 2 counts instead of 5. Counsels inadvertence or intentional misguidence has resalted in a miscarriage of justice, in violation of petitioners SIXTH AND FOURTEENTH AMENDMENT RIGHTS under THE CONSTITUTION of the UNITED STATES OF AMERICA.

CONTINUATION OF SUPPORTING FACTS FOR CLAIM TWO:

1 (COMPLAINT DATED NOV 19, 1993 HAS BEEN MADE AN
2 EXHIBIT OF THIS PETITION SEE EXHIBIT-A pg 43      )
3 OUT OF COUNT 1 CAL P.C. § 4501 AGG/ASSAULT w/WEAPON
4 BY PRISONER, A SECOND CHARGE WAS BROUGHT, A CAL
5 P.C. § 4502 POSS/OF WEAPON BY PRISONER. THE ASSAULT
6 CHARGE THROUGH 'BARGAIN' WAS DIVIDED INTO TWO
7 SEPRATE CHARGES, REDUCING THE DEGREE OF THE
8 ASSAULT CHARGE OF P.C. § 4501, by STRIKING out
9 THE WORDING IN THE FIRST AMENDED COMPLAINT
10 "AND BY MEANS OF FORCE LIKELY TO PRODUCE
11 GREAT BODILY INJURY", LESSENING the degree
12 AND ALLOWING THE PROSECUTION TO CHARGE THE
13 SEPRATE POSS/OF WEAPON BY PRISONER CHARGE.
14 PETITIONER WAS ILEGALY SENTENCE TO 4 YEARS
15 FOR THE CAL P.C. § 4501 AGG/ASSAULT, AND
16 1 YEAR FOR THE CAL P.C. § 4502 POSS/OF
17 WEAPON BY PRISONER.
18     PRIOR TO JANUARY 1st 1998 PENAL CODE 654
19 STATED: "AN ACT OR OMISSION WHICH IS MADE
20 PUNISHABLE IN DIFFERENT WAYS BY DIFFERENT
21 PROVISIONS OF THIS CODE MAY BE PUNISHED
22 UNDER EITHER OF SUCH PROVISIONS, BUT IN
23 NO CASE CAN IT BE PUNISHED UNDER MORE
24 THAN ONE"... Clearly THE COURT ERROR IN
25 FAILING TO REDUCE THE CAL P.C. § 4501 charge.
26
27



1    List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    _BAKER v FINKBEINER, 551 F.2d 180 (7th Cir. 1977);_

5    _BOYKIN v. ALABAMA, 395 U.S. 238, 242 89 S.ct 1709, 1711-_

6    _12, 23 L.Ed 2d 274 (1969), AND All case law cited in H.C. WRIT,_
     and in EXHIBIT-A.

7    Do you have an attorney for this petition?                    Yes_____    No _✓_

8    If you do, give the name and address of your attorney:

9    _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on  _2-13-08_                         _Enrique Zaragoza_

14                        Date                              Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

*Exhibit-A*, OF HABEAS CORPUS WRIT TO THE U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA.

S151288

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

---

In re ENRIQUE ZARAGOZA on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
# FILED

AUG – 8 2007

Frederick K. Ohlrich Clerk

DEPUTY

**GEORGE**

---

Chief Justice

EX-A, pg 1

MC–275

Name _ENRIQUE ZARAGOZA_
Address _CALIFORNIA CORRECTIONAL INSTITUTION_
_46-2A-105_
_P.O. BOX 1906_
_TEHACHAPI, CA. 93581_

CDC or ID Number _H-22428_

SUPREME COURT
**FILED**

MAR 2 8 2007

Frederick K. Ohlrich Clerk
_____
Deputy

_IN THE SUPREME COURT OF THE STATE_
_OF CALIFORNIA_
(Court)

| |
|---|
| _ENRIQUE ZARAGOZA_ |
| Petitioner |
| vs. |
| _W. J. SULLIVAN, WARDEN_ |
| Respondent |

**PETITION FOR WRIT OF HABEAS CORPUS**

No. **S151288**
(To be supplied by the Clerk of the Court)

RECEIVED

MAR 2 8 2007

CLERK SUPREME COURT

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

_EX-A, pg 2_

**This petition concerns:**

☒ A conviction      ☐ Parole

☒ A sentence      ☐ Credits

☐ Jail or prison conditions      ☐ Prison discipline

☐ Other *(specify):* _____

1. Your name: *ENRIQUE ZARAGOZA JR* _____

2. Where are you incarcerated? _____

3. Why are you in custody? ☒ Criminal Conviction    ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

*VEHICLE CODE sec 2800. 2(a) (THIRD STRIKE) under CA P.C. 1170.12 (a) THROUGH (d) AND 667 (b) THROUGH (i); PRIORS CA P.C. 211, AND CA P.C. 450 )*

b. Penal or other code sections: *SAME AS ABOVE*

c. Name and location of sentencing or committing court: *SUPERIOR COURT OF THE COUNTY OF LOS ANGELES POMONA*

d. Case number: *K-A048005*

e. Date convicted or committed: *AUG 18th 2000*

f. Date sentenced: *SEPT 11th 2000*

g. Length of sentence: *25 YEARS TO LIFE*

h. When do you expect to be released? *NEXT B.P.T. HEARING IS ON NOV 27, 2023*

i. Were you represented by counsel in the trial court? ☒ Yes.    ☐ No. If yes, state the attorney's name and address:

*ARTHUR P. LINDARS*

_____

4. What was the LAST plea you entered? *(check one)*

☒ Not guilty    ☐ Guilty    ☐ Nolo Contendere    ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☒ Jury    ☐ Judge without a jury    ☐ Submitted on transcript    ☐ Awaiting trial

*EX-A, pg 3*

6. **GROUNDS FOR RELIEF**

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

EXPLAINATION AND JUSTIFICATION FOR ANY SIGNIFICANT
DELAY IN SEEKING RELIEF

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

PETITIONER FILED A PETITION FOR REVIEW ON 2-25-07,
30 days AFTER THE 1-25-07 DECISION BY THE COURT
OF APPEAL. PETITIONER LACKS KNOWLEDGE OF THE LAW AND
COURT PROCEDURES, HE FILED THE PETITION ON THAT
DAY BECAUSE HE THOUGHT HE HAD TO WAIT FOR 30
days AND FILE WITHIN THE NEXT 10 days AS WAS
REQUIRED THE LAST TIME HE WAS DENIED RELIEF
FROM THE CALIFORNIA COURT OF APPEALS.

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

PETITIONER HAS NO PLAIN, SPEEDY OR ADDIQUATE Remedy
OTHER THAN THROUGH THIS PETITION FOR WRIT OF HABEAS
CORPUS. PETITIONER PRAYS FOR RELIEF AND THAT HIS PETITION
FOR REVIEW BE HEARD.

EX-A, pg 4

6. GROUNDS FOR RELIEF
Ground 2: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

TO BE EXCUSE FOR NOT BEING ABLE TO PROVIDE THIS HONORABLE COURT WITH 10 COPYS OF THIS HABEAS CORPUS PETITION.

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

PETITIONER IS POOR AND CAN NOT AFFORD TO MAKE 10 COPYS OF THIS 86 PAGE PETITION. THE INSTITUTION CHARGES 10¢ A COPY, AND WILL NOT COPY DOCUMENTS IF AN INMATE DOES NOT HAVE SUFFICIENT FUNDS. I HAVE ATTACHED A DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS. IN JANUARY PETITIONER DID HAVE A TOTAL OF $218.00 ON HIS ACCOUNT HOWEVER SINCE THEN HE HAS SPEND THE MAJORITY OF THAT MONEY ON LEGAL COPYS, AND LEGAL POSTAGE, AS WELL AS ON PERSONAL HYGENE ITEMS AND FOOD WHICH HE PURCHASE THROUGH THE PRISON CANTEEN. 10 COPYS OF THIS PETITION WILL COST PETITIONER $86.00, TO WHICH HE CAN NOT AFFORD.

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

PETITIONER HAS NO PLAIN, SPEEDY OR ADDICUATE REMEDY OTHER THAN THROUGH THIS PETITIONER FOR WRIT OF HABEAS CORPUS AND PRAYS FOR RELIEF.

EX-A, pg 5

8. Did you appeal from the conviction, se ..ce, or commitment?  ☒ Yes.  ☐ No.  If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
COURT OF APPEAL, SECOND APPELLATE DISTRICT, DIVISION THREE, STATE OF CALIFORNIA

b. Result: CONVICTION AND SENTENCE AFFIRMED     c. Date of decision: MAY 21, 2001

d. Case number or citation of opinion, if known: B-144512

e. Issues raised: (1) TRIAL COURT ERRORED WHEN INSTRUCTING THE JURY WITH CA JIC #17.41, 100 & 17.42

(2) INSUFFICIENT EVIDENCE TO PROVE PRIOR CONVICTION FOR CAL P.L. SEC 451 TO QUILIFY AS A VIOLENT OR SERIOUS FELONY (UNDER CAL 3-STRIKES LAW

(3) INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

(4) TRIAL COURT ABUSED ITS DISCRETION IN DENYING MOTION TO STRIKE A PRIOR

f. Were you represented by counsel on appeal?  ☒ Yes.  ☐ No.  If yes, state the attorney's name and address, if known:

9. Did you seek review in the California Supreme Court?  ☒ Yes.  ☐ No.  If yes, give the following information:

a. Result: DENIED     b. Date of decision: AUG 8 2001

c. Case number or citation of opinion, if known: #S 098631

d. Issues raised: (1) RAISED SAME GROUNDS AS IN THE COURT OF APPEALS

● 

● 

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
PLEASE SEE ATTACHED DOCUMENTS

11. Administrative Review:

N/A

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

N/A

b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
Attach documents that show you have exhausted your administrative remedies.

EX-A, pg 6

12. Other than direct appeal, have you file ☐ other petitions, applications, or motions wit ☐ pect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: *UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA*

   (2) Nature of proceeding (for example, "habeas corpus petition"): *PETITION FOR WRIT OF HABEAS CORPUS*

   (3) Issues raised: (a) *TRIAL COURT ABUSED ITS DISCRETION IN NOT STRIKING PRIOR*

   (b) *INEFFECTIVE ASSISTANCE OF COUNSEL DURING TRIAL COURT*
   (c) *INSUFFICIENT COMPETENT EVIDENCE TO SUPPORT PETITIONER SUFFERED A SECOND STRIKE*

   (4) Result (Attach order or explain why unavailable): *DENIED*

   (5) Date of decision: *8-26-02*

   b. (1) Name of court: *THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT*

   (2) Nature of proceeding: *APPEALED DISTRICT COURTS FINDS*

   (3) Issues raised: (a) *INEFFECTIVE ASSISTANCE OF COUNSEL DURING TRIAL COURT*

   (b) *INSUFFICIENT COMPETENT EVIDENCE TO SUPPORT PETITIONER SUFFERED A 2nd STRIKE*

   (4) Result (Attach order or explain why unavailable): *DENIED RELIEF*

   (5) Date of decision: *AUG 15 2005*

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.
   *(PLEASE SEE ATTACHED DOCUMENTS)*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

*N/A*
_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)
*Please see ATTACHED Documents*
_____

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:
_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:
_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
*PETITIONER BRINGS THIS PETITION TO THIS HONORABLE COURT AFTER A DENIAL OF THE LOWER COURTS, AND A PETITION FOR REVIEW DEFAULT TO YOUR COURT.*

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: *8-21-07*    ▶ *Enrique Jaragoza*
                                   (SIGNATURE OF PETITIONER)

*EX-A, PG 7*

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA.

THE PEOPLE OF THE STATE OF CALIFORNIA,    ) CRIM. _____
          PLAINTIFF AND RESPONDENT,    )
                           )
             V.    ) (3D CRIM. CO-54650
                           )
ENRIQUE ZARAGOZA JR.    ) (SUP. CT. NO. O6FO9209)
          DEFENDANT AND APPELLANT.    )
_____

# PETITION FOR REVIEW

ENRIQUE ZARAGOZA
C.D.C. # H-22428
CALIFORNIA CORRECTIONAL INSTITUTION
4B-2A-105
P.O. BOX 1906
TEHACHAPI CA 93581

IN PROPRIA PERSONA

EX-A, pg 8

1    IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

2

3   THE PEOPLE OF THE STATE OF CALIFORNIA,    ) CRIM. _____
                                               )
4        PLAINTIFF AND RESPONDENT,             )
                                               )
5            v.                                ) (3D CRIM. C054650)
                                               )
6   ENRIQUE ZARAGOZA JR.                       ) (SUP. CT. NO. 06F09209)
                                               )
7        DEFENDANT AND APPELLANT.              )

8

9                    PETITION FOR REVIEW

10

11          TO THE HONORABLE CHIEF JUSTICE OF

12      CALIFORNIA AND TO THE HONORABLE ASSOCIATE

13      JUSTICES OF THE SUPREME COURT OF THE

14      STATE OF CALIFORNIA :

15

16          PETITIONER, ENRIQUE ZARAGOZA JR., RESPECTFULLY

17   REQUESTS THAT THIS HONORABLE COURT REVIEW THE DECI-

18   SION OF THE COURT OF APPEAL, THIRD APPELLATE

19   DISTRICT, ON JAN 25, 2007, WHICH DENIED PETITIONERS

20   'PETITION FOR WRIT OF HABEAS CORPUS'. A COPY OF DENIAL

21   IS ATTACHED AS EXHIBIT-A.

22

23

24

25

26

27

EX-A, pg 9

1

## ISSUES PRESENTED FOR REVIEW

2

3    1. DOES THE COURT OF APPEAL'S DECISION TO DENIE

4 APPELLANT'S PETITION FOR WRIT OF HABEAS CORPUS,

5 COMPLY WITH ALL THE FEDERAL CASE LAW WHICH WAS

6 PRESENTED IN THE PETITION FOR WRIT OF HABEAS

7 CORPUS, COMPLY WITH APPELLANTS FEDERAL RIGHTS

8 AS WORDED IN THE UNITED STATES CONSTITUTION

9 AND COMPLY WITH THE RULINGS OF YOUR HONORABLE

10 COURT OR THE UNITED STATES SUPREME COURT?

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27



EX-A, Pg 10

## NECESSITY FOR REVIEW

### I

REVIEW IS NECESSARY IN ORDER TO ENSURE THAT THE COURT OF APPEAL'S DECISION IS IN COMPLIANCE WITH THE STANDING RULINGS MADE BY THE CALIFORNIA SUPREME COURT WHEN DEALING WITH THE INTERPRETATION AND APPLICATION OF FEDERAL LAWS OR THE RIGHTS VESTED BY THE UNITED STATES CONSTITUTION TO THE CITIZENS OF THESE UNITED STATES OF AMERICA.

A GRANT OF REVIEW IN THIS CASE IS NECESSARY TO SECURE UNIFORMITY OF DECISION, WITHIN THE MEANING OF RULE 29 (a) (1), AND TO GIVE THE HIGHEST CALIFORNIA STATE COURT THE OPPORTUNITY TO CORRECT ANY VIOLATIONS OF APPELANT'S CONSTITUTIONAL RIGHTS.

EX-A, pg 11

1
2

## STATEMENT OF FACTS

3   FOR THE PURPOSE OF THIS PETITION FOR REVIEW
4   APPELLANT ADOPTS THE FACTS AS STATED IN
5   APPELLANTS PETITION FOR WRIT OF HABEAS CORPUS
6   TO THE COURT OF APPEAL OF THE STATE OF CALIFOR-
7   NIA, WHICH HAS BEE MADE PART OF THIS PETITION.
8
9

## ARGUMENT

11
12   FOR THE PURPOSE OF ARGUMENT IN THIS
13   PETITION FOR REVIEW APPELLANT ADOPTS THE
14   ARGUMENT AND SUPPORTING POINTS AND AUTHORIT-
15   IES AS STATED IN APPELLANTS PETITION FOR
16   WRIT OF HABEAS CORPUS TO THE COURT OF APPEAL
17   OF THE STATE OF CALIFORNIA, WHICH HAS BEEN
18   MADE PART OF THIS PETITION.
19
20
21
22
23
24
25
26
27



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

OSP 98 10924

EX-A, pg 12

Name *ENRIQUE ZARAGOZA*

Address *CALIFORNIA CORRECTIONAL —*
*INSTITUTION*
*4B-2A-105*
*P.O. BOX 1906*
*TEHACHAPI, CA. 93581*

CDC or ID Number *H-22428*

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA, THIRD APPELATE COURT

(Court)

PETITION FOR WRIT OF HABEAS CORPUS

*ENRIQUE ZARAGOZA*
Petitioner

vs.

No. _____

(To be supplied by the Clerk of the Court)

*W.J. SULLIVAN, WARDEN.*
Respondent

### INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

Sup Ct 580 9410 PA 114 (12-98)

HC 74

*EX-A, pg 13*

This petition concerns:

- [X] A conviction
- [ ] Parole
- [X] A sentence
- [ ] Credits
- [ ] Jail or prison conditions
- [ ] Prison discipline
- [ ] Other (specify): _____

1. Your name: ENRIQUE ZARAGOZA Jr.

2. Where are you incarcerated? CALIFORNIA CORRECTIONA INSTITUTION, TEHACHAPI.

3. Why are you in custody? [X] Criminal Conviction  [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   VEHICLE CODE SEC. 2800.2 (a) (THIRD STRIKE) UNDER CA P.C. 1170.12(a) THROUGH (d) and 667(b) THROUGH (i); PRIORS CA P.C. 211 AND CA P.C. 4501

   b. Penal or other code sections: SAME AS ABOVE

   c. Name and location of sentencing or committing court: SUPERIOR COURT OF THE COUNTY OF LOS ANGELES, POMONA

   d. Case number: K-A048005

   e. Date convicted or committed: AUG 18th, 2000

   f. Date sentenced: SEPT 11th, 2000

   g. Length of sentence: 25 YEARS TO LIFE

   h. When do you expect to be released? NEXT B.P.T. HEARING IS ON NOV 27, 2023

   i. Were you represented by counsel in the trial court? [ ] Yes. [ ] No. If yes, state the attorney's name and address:

   ARTHUR P. LINDARS

4. What was the LAST plea you entered? *(check one)*

   [X] Not guilty  [ ] Guilty  [ ] Nolo Contendere  [ ] Other:

5. If you pleaded not guilty, what kind of trial did you have?

   [X] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

EX-A, pg 14

6. **GROUNDS FOR RELIEF**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

EXPLAINATION AND JUSTIFICATION FOR ANY SIGNIFICANT
DELAY IN SEEKING RELIEF

a. **Supporting facts:**
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

PETITIONER DID NOT LEARN AND FULLY UNDERSTAND HE NEEDED
TO REFILE A HABEAS CORPUS PETITION AT THE STATE LEVEL
INREGARDS TO HIS PRIORS UNTIL THE U.S. COURT OF APPEALS
FOR THE NINTH CIRCUIT FILED THEIR OPINION ON AUGUST 1,
2005 TO WHERE THE COURT STATED," MOREOVER THIS IS AN
ISSUE OF STATE LAW AND AS SUCH IS GENERALLY NOT COGNI-
ZABLE ON FEDERAL HABEAS REVIEW" (OPINION IS ATTACHED AS
EXHIBIT B OF THS PETITION). PETITIONER THEN FILED A
PETITION FOR A WRIT OF CERTIORARI TO THE U.S. SUPREME
COURT WHICH DENIED RELIEF ON JUNE 12, 2006.
PETITIONER HAS LIMITED EDUCATION. HE IS A NON HIGH SCHOOL
GRADUATE, AND LACKS UNDERSTANDING OF THE LAW. THAT IS WHY
THE U.S. COURT OF APPEALS FOR THE NINTH CIRCUIT GRANTED HIM
CONTINUE ON ATTACH SHEET:

b. **Supporting cases, rules, or other authority (optional):**
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

IN re CLARK (1993) 5 Cal. 4TH 750, 765, 786, FN.5. THE LENGTH
OF DELAY IS MEASURED FROM THE TIME THAT A PETITIONER BECOMES
OR SHOULD REASONABLY HAVE BECOME AWARE OF THE GROUNDS FOR RELIEF.
(Ibid.) A DELAY IN FILING, HOWEVER, WILL NOT ALWAYS BAR

MC-275 [Rev. January 1, 1999]  **PETITION FOR WRIT OF HABEAS CORPUS.**  Page three of six

EX-A, rs 15

1  <u>CONTINUATION OF SUPPORTING FACTS FOR GROUND 1:</u>

2

3  APPOINTMENT OF COUNSEL (see. EXHIBIT _C_ OF THIS

4  PETITION). PETITIONER COULD NOT HAVE FILED THIS

5  PETITION IN 2000 AS THE LOWER COURT HAS IM-

6  PLIDE. PETITIONER LACK'S KNOWLEDGE AND UNDERSTAND-

7  ING OF THE LAW, FURTHER BECAUSE OF HIS POVERTY HE

8  IS UNABLE TO HIER AN ATTORNEY WHO COULD ADVISE

9  HIM AND LITIGATE FOR HIM CORRECTLY. IT WAS

10  ONLY UNTIL THE 9th CIRCUIT, U.S. COURT OF APPEALS

11  FILED THEIR OPINION THAT PETITIONER HAD AN

12  'IDEA' OF BEING ABLE TO RETURN TO THE STATE

13  COURTS AND BRING FORWARD THE VIOLATION OF

14  HIS STATE AND CONSTITUTIONAL RIGHTS.

15

16  <u>CONTINUATION OF 6.(b), SUPPORTING CASES, RULES, OR OTHER</u>

17  <u>AUTHORITY:</u> RELIEF. LIMITED EDUCATION AND LACK OF

18  UNDERSTANDING OF THE LAW HAVE JUSTIFIED DELAYS OF

19  THREE TO FIVE YEARS BETWEEN THE DATE OF JUDGMENT

20  AND THE FILING OF THE HABEAS PETITION.

21  PETITIONER DID NOT BECOME AWARE OF BEING ABLE TO PRESENT

22  THIS GROUND TO THE STATE COURTS UNTIL AUGUST 1st, 2005

23  WHEN HE RECIEVED THE OPINION FROM THE U.S. COURT OF APPEALS

24  FOR THE NINTH CIRCUIT.

25  FURTHER CALIFORNIA'S TIME LIMIT IS A "REASONABLE TIME", AND

26  CONSIDERING PETITIONERS LACK OF KNOWLEDGE OF THE LAW AND LIMITED

27  EDUCATION IT IS REASONABLE PETITIONER IS ONLY NOW FILING THIS PETITION.


EX - A, pg 16

7. Ground 2 or Ground _____ (if app. le):

ILEGAL SENTENCE, THE COURT FAILED TO PROPERLY DETERMINE DEGREE
OF CHARGE, AND CONVICTION FOR CAL. P.C. sec. 4501

a. Supporting facts:

PETITIONER BROUGHT THIS GROUND TO THE LOWER COURTS ATTENTION
PREVIOUSLY THROUGH A PETITION FUR WRIT OF HABEAS CORPUS. THE
LOWER COURT FAILED TO MAKE A DECISION IN REGARDS TO THE
CLAIM. SUPPORTING FACTS ARE THE SAME AS IN PREVIOUS PETITION.
PLEASE SEE PAGE FOUR OF EXHIBIT "A" OF THIS PETITION.

b. Supporting cases, rules, or other authority:

SUPPORTING CASES, RULES OR OTHER AUTHORITY'S ARE THE SAME AS
IN PREVIOUS PETITION, PLEASE SEE PAGE FOUR OF EXHIBIT A
OF THIS PETITION.

EX-A, pg 17

7. ~~Ground~~ Ground **3** (if app. .le):

## UNVOLUNTARLY PLEA OF GUILT BASED ON INEFFECTIVENESS OF COUNSEL

a. Supporting facts:

THE LOWER COURT AGREED THAT PETITIONERS ATTORNEY FAILED TO ADVISE HIM OF THE POSSIBLE USE OF HIS CONVICTION FOR THE USE UNDER THE CALIFORNIA THREE STRIKE LAW. THE COURT DISMISSES THE INEFFECTIVENESS BECAUSE IT IS IN ITS OPINION "ONLY A COLLA- TERAL CONSEQUENCE (see, ORDER DENING PETITION FOR WRIT OF HABEAS CORPUS BY SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO, EXHIBIT "A").

AFTER PETITIONERS CONVICTION IN 2000 UNDER THE CALIFORNIA THREE STRIKE LAW HE DID NOT ATTACK THE VALIDITY OF HIS PRIOR CONVICTIONS - WHICH HAD BEEN OBTAIN THROUGH PLEA AGREEMENTS - OR RAISE AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM. NONETHELESS IT CANNOT BE OVER LOOKED THAT THE DISPOSITION OBTAINED FOR PETITIONER WAS A PLEA BARGAIN ONLY IN THE MOST OXYMORONIC SENCE. IN 1993 PETITIONER WAS ONLY 21 YEARS OF AGE. HE HAD A 9th GRADE EDUCATION. PETITIONER WAS REPRESENTED BY A PUBLIC DEFEND- ER ATTORNEY WHO'S ONLY OBJECTIVE WAS TO CONVINCE PETITIONER TO TAKE A PLEA BARGIN. COUNSEL NEVER ADVISE PETITIONER OF HIS CONSTI- TUTIONAL RIGHT TO GO TO TRIAL AND BE FOUND GUILTY BEYOND A REASONABLE DOUBT BY A JURY OF HIS PIERS. COUNSEL NEVER ADVISE PETITIONER OF THE (CONTINUE ON ATTACHED)

b. Supporting cases, rules, or other authority:

IN DETERMINING THE VOLUNTARINESS OF A PLEA INVOLVES A REVIEW OF ALL THE RELEVANT CIRCUMSTANCES SURROUNDING IT. BRADY v UNITED STATES, 397 U.S. 742, 749, 90 S.Ct. 1463, 1469, 25 L.Ed. 2d 747 (1970).

COUNSEL'S REPRESENTATION WAS DEFICIENT, i.e., IT FELL (CONTINUE ON ATTACHED)

EX-A, PG 18

1  CONTINUATION OF 7.(a) SUPPORTING FACTS:    DIRECT

2  OR COLLATERAL CONSEQUENCES OF HIS PLEA AGREEMENT.

3  PETITIONER WOULD HAVE NEVER AGREED TO A PLEA AGREEMENT

4  HAD HE BEEN ADVISE OF A POSSIBLE 25 YEARS TO LIFE

5  SENTENCE THROUGH DIRECT OR COLLATERAL CONSEQUENCES

6  FROM THE PLEA. COLLATERAL CONSEQUENCES ARE INHERENT

7  FROM DIRECT CONSEQUENCES AND THERE FOR ONE IN

8  THE SAME ACT.

9  BECAUSE OF THE SERIOUSNESS OF THE CONSEQUENCES OF

10  A PRIOR FELONY CONVICTION BEING USED AS AN ADDITIONAL

11  25 YEAR TO LIFE TERM OF IMPRISONMENT ADDED TO

12  BASE TERM, ANY DIRECT OR COLLATERAL CONSEQUENCES

13  DO RISE TO THE LEVEL OF CONSTITUTIONALLY INEFFECTIVE

14  ASSISTANCE, IF COUNSEL FAILED TO ADVISE OF SUCH CONSEQ-

15  ENCES. CALIFORNIA THREE STRIKE LAW IS IN A CLASS OF

16  ITS OWN. IT HAS CHANGED SENTENCING GUIDLINES AND

17  PROCEDURE DURING SENTENCING IN CALIFORNIA COURTS. THE

18  LEVEL OF RESPONSIBILTY AN ATTORNEY IS DEALING WITH WHEN

19  DEFFENDING A DEFENDANT CHARGE WITH A FELONY - SERIOUS OR

20  NON SERIOUS - IN CALIFORNIA HAS RISEN SIGNIFICANTLY. A

21  25 YEARS TO LIFE SENTENCE SHOULD NOT BE DISSMISSED AS ONLY

22  A COLLATERAL CONSEQUENCE.

23

24  CONTINUATION OF 7.(b) SUPPORTING CASES, RULES, OR OTHER

25  AUTHORITY:    BELOW AN OBJECTIVE STANDARD OF REASONABLE-

26  NESS UNDER PREVAILING PROFESSIONAL NORMS. THE SIXTH

27  AMENDMENT GUARANTEES THE EFFECTIVE ASSISTANCE OF



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

EX-A, P.S. 19

1   COUNSEL. STRICKLAND v. WASHINGTON, 466 U.S. 668, 685-

2   86, 104 S. Ct. 2052, 2063, 80 L.Ed. 2d 674 (1934).

3   Judicial scrutiny of DEFENSE COUNSEL'S PERFORMANCE

4   MUST BE "HIGHLY DEFERENTIAL", AND A COURT "MUST

5   INDULGE A STRONG PRESUMPTION THAT COUNSEL'S CONDUCT

6   FALLS WITHIN THE WIDE RANGE OF REASONABLE PROFESSIONAL

7   ASSISTANCE".

8     IF WE LOOK AT BAKER v. FINKBEINER, 551 F. 2d 180

9   (7th CiR. 1977), "THE FACTS OF BAKER v. FINKBEINER ARE

10  ALMOST IDENTICAL TO THOSE PRESENT HERE. BAKER

11  AGREED TO PLEAD GUILTY IN EXCHANGE FOR A PROMISE

12  THAT HIS SENTENCE WOULD NOT EXCEED TWO YEARS.

13  HIS ATTORNEY, THE PROSECUTOR AND THE TRIAL JUDGE

14  ALL FAILED TO INFORM HIM THAT ILLINOIS LAW

15  REQUIRED THAT HE SERVE TWO YEARS OF PAROLE AFTER

16  HIS PRISON TERM ENDED THE SEVENTH CIRCUIT HELD

17  THAT BAKER'S GUILTY PLEA WAS SUBJECT TO COLLATER-

18  AL ATTACK IF THE SENTENCE ACTUALLY IMPOSED DIFF-

19  ERED SIGNIFICANTLY FROM THE SENTENCE PROMISED HIM.

20  THE COURT WENT ON TO FIND THAT A TWO-YEAR PAROLE

21  TERM WAS A SIGNIFICANT ADDITION TO HIS SENTENCE,

22  AND CONCLUDED THAT THE FAILURE TO INFORM BAKER

23  OF THE MANDATORY PAROLE TERM VIOLATED HIS DUE

24  PROCESS RIGHTS.

25    CONSTITUTIONAL PROTECTIONS OF DUE PROCESS MANDATE

26  THAT AN ACCUSED'S GUILTY PLEA BE VOLUNTARY AND

27  INTELLIGENT. BOYKIN v. ALABAMA, 395 U.S. 238, 242

EX-A, Pg. 20

89 S Ct. 1709, 1711-12, 23 L.Ed. 2d 274 (1969). BECAUSE A GUILTY PLEA WAIVES THE RIGHTS AGAINST SELF INCRIMINATION, TO TRIAL BY JURY, AND TO CONFRONT ONE'S ACCUSERS, ITS ACCEPTANCE REQUIRES THE "UTMOST SOLICITUDE OF WHICH COURTS ARE CAPABLE IN CANVASSING THE MATTER WITH THE ACCUSED TO MAKE SURE HE HAS A FULL UNDERSTANDING OF WHAT THE PLEA CONNOTES AND OF ITS CONSEQUENCE."

BOYKIN DOES NOT STATE THAT CONSEQUENCES NEED BE DIRECT. THE CONSEQUENCES OF PETITIONER'S PLEA ARE VERY SEVERE AND THIS HONORABLE COURT CAN INSURE THAT A MISCARRIAGE OF JUSTICE HAS NOT OCCURRED.


COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

EX-A p8 21

8. Did you appeal from the conviction, sentence, or commitment?  ☒ Yes.  ☐ No.   If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
COURT OF APPEAL, SECOND APPELLATE DISTRICT, DIVISION THREE, STATE OF CALIFORNIA.

b. Result: CONVICTION AND SENTENCE AFFIRMED     c. Date of decision: MAY 21, 2001

d. Case number or citation of opinion, if known: B-144512

e. Issues raised: (1) TRIAL COURT ERRORED WHEN INSTRUCTING THE JURY WITH CAL JIC# 17.41, 100 AND 17.42.

(2) INSUFFICIENT EVIDENCE TO PROVE PRIOR CONVICTION FOR CAL P.C. Sec. 4501 TO QUALIFY AS A VIOLENT OR SERIOUS FELONY UNDER CAL. THREE STRIKE LAW.

(3) INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

(4) TRIAL COURT ABUSED ITS DISCRETION IN DENYING MOTION TO STRIKE A PRIOR.

f. Were you represented by counsel on appeal?  ☒ Yes.  ☐ No.  If yes, state the attorney's name and address, if known:

9. Did you seek review in the California Supreme Court?  ☒ Yes.  ☐ No.   If yes, give the following information:

a. Result: DENIED     b. Date of decision: AUG, 8 - 2001

c. Case number or citation of opinion, if known: #S098631

d. Issues raised: (1) RAISED SAME GROUNDS AS IN THE COURT OF APPEAL, SECOND

(2) APPELLATE DISTRIC, DIVISION THREE, STATE OF CALIFORNIA

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
PLEASE SEE GROUND 1 (ONE) OF THIS PETITION.

11. Administrative Review:

N/A a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

N/A b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
*Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. January 1, 1999]          PETITION FOR WRIT OF HABEAS CORPUS          Page five of six

EX-A, pg 22

12. Other than direct appeal, have you file / other petitions, applications, or motions with  pect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

(2) Nature of proceeding (for example, "habeas corpus petition"): PETITION FOR WRIT OF HABEAS CORPUS

(3) Issues raised: (a) TRIAL COURT ABUSED ITS DESCRETION IN NOT STRIKING PRIOR

(b) INEFFECTIVE ASSISTANCE OF COUNSEL DURRING TRIAL COURT.

(c) INSUFFICIENT COMPETENT EVIDENCE TO SUPPORT PETITIONER SUFFERED A SECOND STRIKE.

(4) Result (Attach order or explain why unavailable): DENIED

(5) Date of decision: 8-26-02

b. (1) Name of court: THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT.

(2) Nature of proceeding: APPEALED DISTRICT COURTS FINDINGS

(3) Issues raised: (a) INEFFECTIVE ASSISTANCE OF COUNSEL DURRING TRIAL COURT

(b) INSUFFICIENT COMPETENT EVIDENCE TO SUPPORT PETITIONER SUFFERED A 2nd STRIKE.

(4) Result (Attach order or explain why unavailable): DENIED RELIEF

(5) Date of decision: AUG 15, 2005

c. For additional prior petitions, applications, or motions, provide the same information on a separate page. (SEE ATTACHED)

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result: N/A

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
PLEASE see GROUND 1 (one) OF THIS PETITION.

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
PETITIONER MAKES THIS APPLICATION TO THIS COURT BASED ON LOWER COURTS DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 1-8-07                                    ► Enrique Sanavora
                                                        (SIGNATURE OF PETITIONER)

EX-A, pg 23

CONTINUATION OF QUESTION 13 (c):

c. 1.) NAME OF COURT: SUPREME COURT OF THE UNITED STATES.

2.) NATURE OF PROCEEDINGS: WRIT OF CERTIORARI.

3.) ISSUES raised: (a) INEFFECTIVE ASSISTANCE OF COUNSEL DURRING TRIAL COURT.

(b) INSUFFICIENT COMPETENT EVIDENCE TO SUPPORT PETITIONER SUFFERED A SECOND STRIKE.

4.) RESULT (ATTACHED ORDER): DENIED.

5.) DATE OF DECISION: JUNE 12, 2006

d. 1.) NAME OF COURT: SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO.

2.) NATURE OF PROCEEDINGS: PETITION FOR WRIT OF HABEAS CORPUS.

3.) ISSUES RAISED: (a) UNLAWFULL PLEA AGREEMENT IN VIOLATION OF PETITIONERS DUE PROCESS RIGHTS UNDER THE 14th AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

(b) THE COURT FAILED TO PROPERLY DETERMINE DEGREE OF CHARGE, AND CONVICTION FOR CAL P.C. sec 4501.

4.) RESULT (ATTACHED ORDER): DENIED.

5.) DATE OF DECISION: DEC, 21-2006

EX-A, pg 24

EXHiBiT – "A"

OF PETiTioN FOR WRiT OF
HABEAS CORPUS

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO

| | | | |
|---|---|---|---|
| DATE & TIME | : December 20, 2006@ 4 p.m. | DEPT. NO | : 24 |
| JUDGE | : Michael W. Sweet | CLERK | : S. Rossi |
| REPORTER | : Not Reported | BAILIFF | : M. Kaut |

In re: Enrique Zaragoza                              06F09209

Petition for Writ of Habeas Corpus

NATURE OF PROCEEDINGS:  **PETITION FOR WRIT OF HABEAS CORPUS - <u>ORDER</u>**

The petition for writ of habeas corpus has been filed and considered.  It is DENIED.

Petitioner challenges his 1993 plea in this court on grounds that his attorney failed to advise him that the conviction might be used as a strike in the future.  He also contends that he was not advised of his constitutional rights when he entered his plea.  As to the latter claim he is simply mistaken; the transcript of judgment and sentencing shows that he was properly advised.

Further, a habeas petitioner must "explain and justify any significant delay in seeking relief." (*In re Clark* (1993) 5 Cal.4th 750, 765, fn. 5.)  The length of delay is measured from the time that a petitioner becomes or should reasonably have become aware of the grounds for relief. (*Ibid.*)  A delay in filing, however, will not always bar relief.  Limited education and lack of understanding of the law have justified delays of three to five years between the date of judgment and the filing of the habeas petition.  (*Id.* at p. 786.)

Petitioner says his direct appeal has just become final in the sense that the U.S. Supreme Court has denied certiorari, but he does not address his delay from the time that he must have learned that the prior conviction was a strike.  That had to occur in 2000 because petitioner was sentenced then to 25 to life under the Three Strikes law at that time.  Petitioner could have filed a habeas claim as soon as he learned of the problem, but he did not.  He has not justified his failure to act.

Even if delay were excused, however, petitioner could not prevail.

Federal courts have repeatedly held that an attorney's failure to advise the defendant of the collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance. (*People v. Reed* (1998) 62 Cal. App. 4th 593, 597, cites omitted.) "This conclusion is entirely compatible with the command of *Brady v. United States* (1970) 397 U.S. 742, 755…, that a criminal defendant be " ' "fully aware of the direct consequences" ' " of a plea which will result in a conviction; by "using the word ' "direct" [the United States Supreme Court] excluded collateral consequences' " as a factor in the determination about the voluntary nature of a plea. … Thus, a

| | | |
|---|---|---|
| BOOK | : | |
| PAGE | : | **SUPERIOR COURT OF CALIFORNIA** |
| | | **COUNTY OF SACRAMENTO** |
| DATE | : | |
| CASE NO. | : 06F09209 | |
| CASE TITLE | : Enrique Zaragoza | |
| DISTRIB. | : | BY _____ S. ROSSI _____ **Deputy** |

*Ex-A, pg 26*

DATE: December 20, 2006@ 4 p.m.

TITLE: In re: Enrique Zaragoza

NATURE OF PROCEEDINGS: Petition for Writ of Habeas Corpus

CONTINUATION PAGE 2 OF 2

criminal defendant's `actual knowledge of consequences which are collateral to the guilty plea is not a prerequisite to the entry of a knowing and intelligent plea.'"  (*Ibid.,* cites omitted.)

"[P]ossible future use of a current conviction is not a direct consequence of the conviction." (*People v. Bernal* (1994) 22 Cal. App. 4th 1455, 1457.)

*Reed* and *Bernal* indicate that petitioner cannot prevail on his claim of ineffective assistance. Under *Reed*, failure to advise of collateral consequences is not ineffective. Under *Bernal*, future use of a conviction is a collateral consequence. Because possible use of a conviction under the Three Strikes law is only a collateral consequence of the plea, petitioner's attorney was not ineffective when he failed to advise of it.

DATED:     DEC 2 1 2006

MICHAEL W. SWEET

JUD

BOOK        :
PAGE        :

DATE        :
CASE NO.   : 06F09209
CASE TITLE: Enrique Zaragoza

DISTRIB.    :

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SACRAMENTO**

BY_____Deputy
V. ROSSI

EX-A, pg 27

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO

In re: Enrique Zaragoza

**Case Number:  06F09209**

Petition for Writ of Habeas Corpus

## CERTIFICATE OF SERVICE BY MAILING
### (C.C.P. Sec. 1013a(4))

I, the Clerk of the Superior Court of California, County of Sacramento, certify that I am not a party to this cause, and on the date shown below I served the foregoing PETITION FOR WRIT OF HABEAS CORPUS - ORDER by depositing true copies thereof, enclosed in separate, sealed envelopes with the postage fully prepaid, in the United States Mail at Sacramento, California, each of which envelopes was addressed respectively to the persons and addresses shown below:

Enrique Zaragoza (H-22428)
4B-7A-208
California Correctional Institution
P.O. Box 1906
Tehachapi, CA 93581

I, the undersigned Deputy Clerk, declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 22, 2006

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

By:  S. Ross
Deputy Clerk

9209-cert mail

Ex-A, pg 28

Name _ENRIQUE ZARAGOZA Jr._
_4B-7A-208_
Address _CALIFORNIA CORRECTIONAL_
_INSTITUTION_
_P.O. Box 1906_
_TEHACHAPI, CA. 93581_

CDC or ID Number _H-22428_

_SUPERIOR COURT OF_
_CALIFORNIA_
_COUNTY OF SACRAMENTO_
(Court)

| | |
|---|---|
| _ENRIQUE ZARAGOZA Jr._ <br> Petitioner <br><br> vs. <br><br> _W.J. Sullivan, Warden_ <br> Respondent | **PETITION FOR WRIT OF HABEAS CORPUS** <br><br> No. _06F09209_ <br> *(To be supplied by the Clerk of the Court)* |

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Form Approved by the <br> Judicial Council of California <br> MC-275 [Rev. January 1, 1999] <br> HC 74

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.; <br> Cal. Rules of Court, rules 56.5, 201(h)

_Ex-A, pg 29_

Sup Crt 580 9410 PA 114 (12-98)

This petition concerns:

- ☒ A conviction
- ☐ Parole
- ☒ A sentence
- ☐ Credits
- ☐ Jail or prison conditions
- ☐ Prison discipline
- ☐ Other (specify): _____

1. Your name: ENRIQUE ZARAGOZA Jr.

2. Where are you incarcerated? CALIFORNIA CORRECTIONAL INSTITUTION, TEHACHAPI.

3. Why are you in custody?   ☒ Criminal Conviction   ☐ Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   VEHICLE CODE SEC. 2800.2 (a) (THIRD STRIKE) UNDER CA. P.C. 1170.12(a) THROUGH (d) and 667(b) THROUGH (i); PRIORS CA P.C. 211 AND CA P.C. 4501

   b. Penal or other code sections: SAME AS ABOVE.

   c. Name and location of sentencing or committing court: SUPERIOR COURT OF THE COUNTY OF LOS ANGELES, POMONA.

   d. Case number: K-A048005

   e. Date convicted or committed: AUG 18th 2000

   f. Date sentenced: SEPT 11th, 2000

   g. Length of sentence: 25 YEARS TO LIFE

   h. When do you expect to be released? NEXT B.P.T. HEARING IS ON NOV 27, 2023

   i. Were you represented by counsel in the trial court? ☒ Yes.   ☐ No. If yes, state the attorney's name and address:

   ARTHUR P. LINDARS

4. What was the LAST plea you entered? *(check one)*

   ☒ Not guilty   ☐ Guilty   ☐ Nolo Contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   ☒ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

EX-A, pg 30

6. GROUNDS FOR RELIEF
Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

UNLAWFULL PLEA AGREEMENT IN VIOLATION OF PETITIONERS
DUE PROCESS RIGHTS UNDER THE 14th AMENDMENT OF THE
CONSTITUTION OF THE UNITED STATES OF AMERICA.

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

PETITIONER UNVOLUNTARLY PLEAD GUILTY TO THE CHARGES
OF CALIFORNIA PENAL CODE § 4501 AND CAL P.C. § 4502 ON 11-19-93.
THIS UNVOLUNTARLY PLEA HAS BEEN UNLAWFULLY USED AGAINST
PETITIONER TO ENHANCE HIS CURRENT THREE STRIKE CONVICTION.
AT THE TIME OF PLEA OF GUILT ON 11-19-93 PETITIONER WAS
NOT ADVISE OF HIS CONSTITUTIONAL RIGHTS, NOR THAT
THIS PLEA AND CONVICTION COULD LATER BE USED AS AN
ENHANCEMENT. PETITIONER WOULD HAVE NOT AGREED TO
PLEA BARGAIN AND PLEA GUILTY HAD HE BEEN ADVISE THAT
THE CAL P.C. § 4501 CONVICTION could be USED AS AN
ENHANCEMENT AND THEREFOR CARRY MORE TIME THAN
BARGANED FOR. (RECORD OF CONVICTION IS ATTACHED)

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Constitutional Protections OF DUE PROCESS mandate
THAt Accused's GUILTY plea be voluntary and intelli-
gent.
Where criminal statute imposes mandatory Prior
(CONTINUE ON ATTACHED SHEET)

EX-A, pg 31

1  CONTINUATION OF 6.b. SUPPORTING CASES, rules, OR OTHER AUTHORITY:

2  ENHANCEMENT TO BE SERVED AFTER COMPLETION OF

3  PERIOD PLEA BARGAN FOR, ENHANCEMENT TERM IS

4  DIRECT CONSEQUENCE OF GUILTY PLEA AND DEFENDANT

5  MUST BE ADVISED OF IT IN ORDER FOR HIS GUILTY

6  PLEA TO COMPORT WITH DUE PROCESS. Constitutional

7  Protections of due process mandate that an

8  accused guilty plea be voluntary and in-

9  telligent. Boykin v. Alabama 395 U.S. 238,

10  242, 89 S.Ct. *709, 1711-12, 23 L.Ed. 2d 274

11  (1969)

12  DETERMINING the voluntariness of a PLEA

13  INVOLVES A review OF ALL THE RELEVANT cir-

14  cumstances surrounding it. Brady v. United-

15  STATES, 397 U.S. 742, 749, 90 S.Ct. 1463, 1469

16  25 L.Ed. 2d 747(1970)). AMONG OTHER CIRCUMSTA-

17  NCES A PLEA OF GUILTY CAN BE VOLUNTARY ONLY

18  IF IT IS "ENTERED BY ONE FULLY AWARE OF THE

19  DIRECT CONSEQUENCES" OF HIS PLEA. IN THESE

20  CIRCUMSTANCES, THE JUDGE HANDING THE CRIMINAL

21  PROCEEDINGS MUST ADVISE THE DEFENDANT, inter

22  alia, OF THE MAXIMUM PERIOD HIS LIBERTY

23  MAY BE RESTRAINED BY WAY OF IMPRISONMENT,

24  PAROLE, OR POSSIBLE FUTURE FELONY ENHANCEMENTS.

25  IN SANTOBELLO v. NEW YORK, 404 U.S. 257, 92

26  S.Ct. 495, 30 L.Ed 2d 427 (1971), the court

27  held that where a PETITIONER HAS RELIED

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

EX-A, pg 32

1   ON A PROMISE BY THE STATE IN A PLEA AGREEMENT
2   WHICH HAS NOT BEEN FULLFILLED, EITHER WITH-
3   DRAWAL OF THE PLEA OR SPECIFIC PERFORMANCE
4   OF THE AGREEMENT MAY BE AN APPROPRIATE REM-
5   EDY.



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

EX-A, Pg 33

7. Ground 2 or Ground _____ (if app___ __le):

THE COURT FAILED TO PROPERLY DETERMINE DEGREE OF
CHARGE, AND CONVICTION FOR CAL P.C. § 4501.

a. Supporting facts:

AFTER AN UNVOLANTARY PLEA BARGAN TO WHICH PETITIONER
PLEAD GUILTY THE COURT FAILED TO PROPERLY RECORD THE DEGREE
OF THE CHARGE. COUNTS 1 AND 2 IN A FIRST AMENDED
COMPLAINT DATED NOV 19, 1993 BOTH COUNTS PERTAINED TO
ONE INCIDENT WHICH OCCURED ON MAY 24, 1993. OUT OF
COUNT 1 CAL P.C. § 4501 AGG/ASSAULT W/WEAPON BY
PRISONER, A SECOND CHARGE WAS BROUGHT A CAL P.C. § 4502
POSS/OF WEAPON BY PRISONER. THE ASSAULT CHARGE HAD BEEN DIV-
IDED INTO TWO SEPRATE CHARGES REDUCING THE DEGREE OF
THE ASSAULT BY STRIKING OUT THE WORDING IN THE FIRST
AMENDED COMPLAINT "AND BY MEANS OF FORCE LIKELY TO
PRODUCE GREAT BODILY INJURY" LESSENING THE DEGREE
AND ALLOWING THE PROSECUTION TO CHARGE PETITIONER A
SEPRATE POSS/OF WEAPON BY PRISONER CHARGE. PETITIONER
WAS SENTENCE TO 4 YEARS FOR THE CAL P.C. § 4501 ASS-
AULT CHARGE AND 1 YEAR FOR THE CAL P.C. § 4502 POSS/
OF WEAPON CHARGE.

b. Supporting cases, rules, or other authority:

CAL P.C. § 1192. DEGREE OF OFFENSE OR ATTEMPT; DETE
RMINATION BY COURT BEFORE PASSING SENTENSE; EFFECT OF
FAILURE TO DETERMINE DEGREE.
UPON A PLEA OF GUILTY, OR UPON CONVICTION BY THE
COURT WITHOUT A JURY, OF A CRIME OR ATTEMPTED
(CONTINUE ON ADDITIONAL SHEET)

EX-A, PG 34

1  CONTINUATION OF 7.b. SUPPORTING CASES, RULES OR OTHER AUTHORITY:

2  CRIME DISTINGUISHED OR DIVIDED INTO DEGREES, THE

3  COURT MUST BEFORE PASSING SENTENCE, DETERMINE

4  THE DEGREE OF THE CRIME OR ATTEMPTED CRIME OF

5  WHICH THE DEFENDANT IS GUILTY, SHALL BE DEEMED TO

6  BE OF THE LESSER DEGREE.

7    IN THE CASE OF PEOPLE v. DALE (APP. 1 DIST. 1947) 79

8  Cal. APP. 2d 370, 179 P.2d 870, THE COURT TOOK NO

9  TESTIMONY TO FIX THE DEGREE OF THE CRIME. SECTION

10  1192 OF THE PENAL CODE! "UPON A PLEA OF GUILTY OF

11  A CRIME DISTINGUISHED OR DIVIDED INTO DEGREES,

12  THE COURT MUST, BEFORE PASSING SENTENCE DETER-

13  MINE THE DEGREE.

14    UNLIKE IN PEOPLE v. MARTINEZ (APP. 1957) 154 Cal.

15  APP. 2d 233, 316 P.2d 14, where DEFENDANT WAS ADEQ-

16  UATELY REPRESENTED BY COUNSEL ON CHARGE OF ASS-

17  AULT BY MEANS OF FORCE LIKELY TO PRODUCE GREAT

18  BODILY INJURY AND SUCH CRIME WAS NOT DIVIDED

19  INTO DEGREES, DUE PROCESS DID NOT REQUIRE

20  THAT TRIAL COURT EXPLAIN TO DEFENDANT THE

21  EFFECT AND MEANING OF HIS CRIME AND PUNISH-

22  MENT. HERE THE ASSAULT CHARGE OF CAL P.C. § 4501

23  WAS DIVIDED INTO SEPRATED DEGREES, BY STRIKING

24  OUT THE WORDING," BY MEANS OF FORCE LIKELY TO

25  PRODUCE GREAT BODILY INJURY," CHARGING A SEPRATE

26  COUNT OF CAL P.C. § 4502 OUT OF THE SAME INCIDENT.

27    PRIOR TO JANUARY 1ST, 1998 PENAL CODE 654 STATED



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

EXSA PS 39

THAT: "AN ACT OR OMISSION WHICH IS MADE PUNISHABLE IN DIFFERENT WAYS BY DIFFERENT PROVISIONS OF THIS CODE MAY BE PUNISHED UNDER EITHER OF SUCH PROVISIONS, BUT IN NO CASE CAN IT BE PUNISHED UNDER MORE THAN ONE"... WHETHER A COURSE OF CONDUCT IS INDIVISIBLE DEPENDS ON THE INTENT AND OBJECTIVE OF THE ACTOR. IF ALL THE OFFENSES WERE INCIDENT TO ONE OBJECTIVE, THE DEFENDANT MAY BE PUNISHED FOR ANYONE OF SUCH OFFENCES BUT NOT FOR MORE THAN ONE.

EX-A, PG 36

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes. ☐ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
COURT OF APPEAL, SECOND APPELLATE DISTRICT, DIVISION THREE, STATE OF CAL

b. Result: CONVICTION AND SENTENCE AFFIRMED    c. Date of decision: MAY 21, 2001

d. Case number or citation of opinion, if known: B-144512

e. Issues raised: (1) TRIAL COURT ERRED WHEN INSTRUCTING THE JURY WITH CAL JIC # 17.41, 100 AND 17.42

(2) INSUFFICIENT EVIDENCE TO PROVE PRIOR CONVICTION FOR CAL P.C. § 4501 TO QUALIFY AS A VIOLENT OR SERIOUS FELONY, UNDER CAL. THREE STRIKE LAW.

(3) INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

(4) TRIAL COURT ABUSED ITS DISCRETION IN DENYING MOTION TO STRIKE A PRIOR.

f. Were you represented by counsel on appeal? ☒ Yes. ☐ No. If yes, state the attorney's name and address, if known:

_____

9. Did you seek review in the California Supreme Court? ☒ Yes. ☐ No. If yes, give the following information:

a. Result: DENIED    b. Date of decision: AUG, 8-2001

c. Case number or citation of opinion, if known: #S098631, IN THE SUPREME COURT OF CALIFORNIA

d. Issues raised: (1) RAISED SAME GROUNDS AS IN THE COURT OF APPEAL SECOND APPELLATE DISTRICT, DIVISION THREE, STATE OF CALIFORNIA.

(2) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
PETITIONER BRINGS THIS WRIT TO CORRECT PRIOR CONVICTIONS WHICH THE FEDERAL COURTS THROUGH DIRECT APPEAL WOULD NOT UNDER A INSUFFICIENT EVIDENCE GROUND BECAUSE IT IS A STATE COURT ISSUE.

11. Administrative Review:

N/A a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See In re Muszalski (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

N/A b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.
Attach documents that show you have exhausted your administrative remedies.

EX-A, p3 37

12. Other than direct appeal, have you file ___ other petitions, applications, or motions wit___ pect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: _UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA_

(2) Nature of proceeding (for example, "habeas corpus petition"): _PETITION FOR WRIT OF HABEAS CORPUS_

(3) Issues raised: (a) _TRIAL COURT ABUSED ITS DISCRETION IN NOT STRIKING PRIOR._

(b) _INEFFECTIVE ASSISTANCE OF COUNSEL DURRING TRIAL COURT._

(C) _INSUFFICENT COMPETENT EVIDENCE TO SUPPORT PETITIONER SUFFERED A SECOND STRIKE_

(4) Result (Attach order or explain why unavailable): _DENIED_

(5) Date of decision: _8-26-02_

b. (1) Name of court: _THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT._

(2) Nature of proceeding: _APPEALED DISTRICT COURTS FINDINGS_

(3) Issues raised: (a) _INEFFECTIVE ASSISTANCE OF COUNSEL DURRING TRIAL COURT_

(b) _INSUFFICENT COMPETENT EVIDENCE TO SUPPORT PETITIONER SUFFERED A SECOND STRIKE_

(4) Result (Attach order or explain why unavailable): _DENIED RELIEF_

(5) Date of decision: _AUG 15, 2005_

c. For additional prior petitions, applications, or motions, provide the same information on a separate page. _(SEE ATTACHED_

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)
_PETITIONERS FIRST DIRECT APPEAL BECAME FINAL ON 6-12-06_
_CONCERNING LAST AND CURRENT CONVICTION. GROUNDS RAISED HERE_
_(CONTINUE ON ATTACHED SHEET)_

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _Oct 1st, 2006_        ▶ _Enrique Zanagira_
                                    (SIGNATURE OF PETITIONER)

_EX-A, pg 38_

CONTINUATION OF QUESTION 13(c):

c. 1.) NAME OF COURT: SUPREME COURT OF THE UNITED STATES.

2.) NATURE OF PROCEEDINGS: WRIT OF CERTIORARI.

3.) Issues raised:(a) INEFFECTIVE ASSISTANCE OF COUNSEL DURRING TRIAL COURT.

(b) INSUFFICENT COMPETENT EVIDENCE TO SUPPORT PETITIONER SUFFERED A SECOND STRIKE.

4.) RESULT (ATTACHED ORDER): DENIED

5.) DATE OF DECISION: JUNE 12 2006

EX-A IPS 39

1    CONTINUATION OF QUESTION 15:

2    ARE SIMULAR BUT NOT THE SAME AS THE INSUFFICIENT

3    EVIDENCE GROUND RAISED IN DIRECT APPEAL CONCERNING

4    LAST AND CURRENT CONVICTION. THESE GROUNDS ARE BEING

5    BROUGHT FORWARD NOW BECAUSE THE ERRORS AND

6    VIOLATIONS COMMITTED IN 1993 CONCERNING PETITION-

7    ERS PRIOR CONVICTIONS ARE VIOLATING HIS CONSTITUT-

8    IONAL RIGHTS AT PRESENT TIME, AND HAVE CAUSED A

9    MISCARAGE OF JUSTICE.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

EX-A pg 40

ABSTRACT OF JUDGMENT – PRISON COMMITMENT    FORM DSL 290

FILED    000101

DEC -1 1933

By _____ BS _____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
BRANCH Sacramento

COURT'S | S 340000 |    CASE NUMBER IS 93F08609

PEOPLE OF THE STATE OF CALIFORNIA versus    [X] PRESENT
DEFENDANT: ENRIQUE ZARAGOZA    [ ] NOT PRESENT
AKA:

COMMITMENT TO STATE PRISON    AMENDED
ABSTRACT OF JUDGMENT    ABSTRACT [ ]

| DATE OF HEARING (MO. DAY, YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 12/01/93 | 99 | JANE URE | M. KALB |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| A. JAROSICK | M. CURRY, DDA | BROPHY, IOP | WD |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANOR)

[ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT _____ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CHARGED | MO | DAY | YEAR | CONVICTED BY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS MONTHS |
|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 4501 | AGG ASSAULT B/PRISNER | 93 | 12 | 01 | 93 | IX | 4 0 |
| 2 | PC | 4502 | PRISNER T/POSS WPN | 93 | 12 | 01 | 93 | X | |
| 3 | | | | | | | | | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.

| Count | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER.

| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Enhancement | Yrs or "S" | Total |

4. INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|

5. OTHER ORDERS

*sentence to run fully consecutive to term now serving

Use additional sheets of paper if necessary

6. TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-a)

7. TIME STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED-TERM LIMIT, ETC. (Do not include § 654 stays or discretionary stays or terms for enhancements.)

8. TOTAL TERM IMPOSED: 5 0

9. EXECUTION OF SENTENCE IMPOSED:

A. [X] AT INITIAL SENTENCING HEARING
B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL
C. [ ] AFTER REVOCATION OF PROBATION
D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
E. [ ] OTHER

| 10. DATE OF SENTENCE PRONOUNCED (MO. DAY, YR) | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS | INCLUDING | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|---|---|
| 12/01/93 | 0 | | | | | [ ] DMH [ ] CDC |

11. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED

[X] FORTHWITH
[ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTION OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

[ ] CALIF. INSTITUTION FOR WOMEN – FRONTERA
[ ] CALIF. MEDICAL FACILITY – VACAVILLE
[ ] CALIF. INSTITUTION FOR MEN – CHINO
[ ] DEUEL VOC. INST.
[ ] SAN QUENTIN
[X] OTHER (SPECIFY) FOLSOM STATE PRISON

CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | | DATE |
|---|---|---|
| BS | (db) | 12/01/93 |

This form is prescribed under Penal Code § 1213.3 to satisfy the requirements of § 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

ABSTRACT OF JUDGMENT – PRISON COMMITMENT
FORM DSL 290

Form Approved by the
Judicial Council of California
Effective April 1, 1990

Pen.C. 1213.5

DISTRIBUTION:    PINK COPY – COURT FILE    YELLOW COPY – DEPARTMENT OF CORRECTIONS    WHITE COPY – ADMINISTRATIVE OFFICE OF THE COURTS

EX-A, p5 41

94A

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
**FINGERPRINT CARD**

NAME *ZARAGOZA, Enrique*      NO. *H22428*      CLASS _____

ALIAS _____      REF. _____

Right Hand



| Hair | BLK | | BRN | Complexion | MED | Height | 5'11" |
| Weight | 210 | Age | 12/23/71 | Build | LARGE | Occupation | NONE |
| Rec'd at | PBSP | Date | 12/01/93 | County | SACRAMENTO | Nativity | CA |
| Offense | CT 1 PC4501 AGG ASSLT BY/PRIS; CT 2 PC4502 | Term | 5 YEARS | | | Race | MEXICAN |

PRIS T/POSS WPN, SAC COUNTY CASE #93F08600

Marks, Scars, Tattoos (Location & Brief Description): Scar Right eye, Tattoo Eagle Right Forearm. NOTE: If numerous list those most prominent).

*CS + K A010958 , TT 7 yrs 8 mos*

Taken by *Y T. G 2002*      Signature *Enrique Zaragoza*

| Left Hand | Left Thumb | Right Thumb | Right Hand |



CDC-150 (7/85)

*EX-A, pg 42*

DISTRICT ATTORNEY

901 G STREET

SACRAMENTO, CALIFORNIA 95814

Phone: (916) 440-6637

**FILED**

NOV 19 1993

By _____ DEPUTY CLERK

M. CURRY # DDA

TEAM    STOP    3 Wea.

Xref:

VL#    000102

SACRAMENTO SUPERIOR AND MUNICIPAL COURT DISTRICT

COUNTY OF SACRAMENTO, STATE OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA, )

vs.                                     )

ENRIQUE ZARAGOZA                        )

                                        )

            Defendant.                  )

_____ )

FIRST AMENDED COMPLAINT

NO: 93F08609

The People of the State of California upon oath of the undersigned, upon information and belief complain against the defendant above named for the crime of <u>violation of Section 4501 of the Penal Code</u>, a felony, committed on the 24th day of May, 1993, at and in the County of Sacramento, State of California, the defendant, ENRIQUE ZARAGOZA, then and there before the filing of this complaint, did willfully and unlawfully, while confined in a state prison of this state serving less than a life term, commit an assault upon the person of DEMAR ROSEMOND, a human being, with a deadly weapon or instrument, to wit, sharp instrument, ~~and by means of force likely to produce great bodily injury~~.

COUNT TWO

For a further and separate cause of action, being a different offense from but connected in its commission with the charges set forth in Count One hereof, defendant, ENRIQUE ZARAGOZA, is accused by this complaint of the crime of <u>violation of Section 4502 of the Penal Code</u>, a felony, committed as follows: That on the 24th day of May, 1993, at and in the County of Sacramento, State of California, the defendant then and there before the filing of this complaint, did willfully and unlawfully being confined in a state prison in this state and being conveyed to and from a state correctional facility, to wit, Folsom State Prison, possess and

L9310051.002                    (1)

QA-77-0401

EX-A pg 43

000103

3

4 carry upon his/her person and have under his/her custody and control an

5 instrument or weapon of the kind commonly known as a sharp instrument.

6                          COUNT THREE

7 For a further and separate cause of action, being a different offense of

8 the same class of crimes and offenses as the charges set forth in Counts

9 One and Two hereof, and connected in its commission defendant, ENRIQUE

10 ZARAGOZA, is accused by this complaint of the crime of <u>violation of</u>

11 <u>Section 4502 of the Penal Code</u>, a felony, committed as follows: That on

12 the 25th day of June, 1993, at and in the County of Sacramento, State of

13 California, the defendant then and there before the filing of this

14 complaint, did willfully and unlawfully being confined in a state prison

15 in this state and being conveyed to and from a state correctional

16 facility, to wit, Folsom State Prison, possess and carry upon his/her

17 person and have under his/her custody and control an instrument or

18 weapon of the kind commonly known as a razor blade.

19

20                          COUNT FOUR

21 For a further and separate cause of action, being a different offense of

22 the same class of crimes and offenses as the charges set forth in Counts

23 One, Two, and Three hereof, and connected in its commission defendant,

24 ENRIQUE ZARAGOZA, is accused by this complaint of the crime of <u>violation</u>

25 <u>of Section 4502 of the Penal Code</u>, a felony, committed as follows: That

26 on the 2nd day of July, 1993, at and in the County of Sacramento, State

27 of California, the defendant then and there before the filing of this

28 complaint, did willfully and unlawfully being confined in a state prison

29 in this state and being conveyed to and from a state correctional

30 facility, to wit, Folsom State Prison, possess and carry upon his/her

31 person and have under his/her custody and control an instrument or

32 weapon of the kind commonly known as a razor blade.

33

34                          COUNT FIVE

35 For a further and separate cause of action, being a different offense of

36 the same class of crimes and offenses as the charges set forth in Counts

37 One, Two, Three and Four hereof, and connected in its commission

38 defendant, ENRIQUE ZARAGOZA, is accused by this complaint of the crime

39 of <u>violation of Section 4501 of the Penal Code</u>, a felony, committed as

40

41 L9310051.002                    (2)

OA-77-0401

EX-A, pg 44

3
4 follows: That on the 2nd day of July, 1993, at and in the County of
5 Sacramento, State of California, the defendant then and there before the
6 filing of this complaint, did willfully and unlawfully, while confined
7 in a state prison of this state serving less than a life term, commit an
8 assault upon the person of GREGORY WILLIAMS, a human being, with a
9 deadly weapon or instrument, and by means of force likely to produce
10 great bodily injury.
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41 L95l0051.002                              — (5)

OA-77-0401

I declare upon information and belief and under penalty of perjury that the foregoing is true and correct.

Executed at Sacramento County, California, the 18th day of November, 1993.

_____

Declarant

SACRAMENTO COUNTY DISTRICT ATTORNEY

Address or Law Enforcement Agency

(916) 440-6637

Telephone Number

HOLDING ORDER

_____It appearing to me that the offense(s) in the within complaint has/have been committed, and that there is sufficient cause to believe that the defendant, ENRIQUE ZARAGOZA, is guilty thereof,

_____The defendant, ENRIQUE ZARAGOZA, having waived preliminary hearing to the offense(s) set forth in this complaint,

Exceptions/Additions/Conditions: _____

_____

_____

I order that the defendant be held to answer to same. In my capacity as Judge of the Superior Court, I deem the within complaint to be an Information and order it filed in the Superior Court.

Date:_____ Dept._____ _____

Judge of the Municipal/Superior Court

Sitting as Magistrate

L9310051.002                    (4)

DA-77-0401

EX-A, ps 46

ORIGINAL
FILED
DEC -1
DEPUTY CLERK

CARLSON DDA

TEAM   STOP

000106

Xref:2743467

VL#

3   901 G STREET
4   SACRAMENTO, CALIFORNIA 95814
5   Phone: (916) 440-6637
6
7
8              SACRAMENTO SUPERIOR AND MUNICIPAL COURT DISTRICT
9                                              93F0 8609
10             COUNTY OF SACRAMENTO, STATE OF CALIFORNIA
11
                                          FILED
12  THE PEOPLE OF THE STATE OF CALIFORNIA,)
13              vs.                        )     OCT 13 1993
14  ENRIQUE ZARAGOZA                       )
15                                         )     DEPUTY CLERK
16              Defendant.                 )
17  _____)
18  The People of the State of California upon oath of the undersigned, upon
19  information and belief complain against the defendant above named for
20  the crime of <u>violation of Section 4501 of the Penal Code</u>, a felony,
21  committed on the 24th day of May, 1993, at and in the County of
22  Sacramento, State of California, the defendant, ENRIQUE ZARAGOZA, then
23  and there before the filing of this complaint, did willfully and
24  unlawfully, while confined in a state prison of this state serving less
25  than a life term, commit an assault upon the person of DEMAR ROSEMOND,
26  a human being, with a deadly weapon or instrument, to wit, sharp
27  instrument, and by means of force likely to produce great bodily injury.
28
29                         COUNT TWO
30  For a further and separate cause of action, being a different offense
31  from but connected in its commission with the charges set forth in Count
32  One hereof, defendant, ENRIQUE ZARAGOZA, is accused by this complaint of
33  the crime of <u>violation of Section 4502 of the Penal Code</u>, a felony,
34  committed as follows: That on the 24th day of May, 1993, at and in the
35  County of Sacramento, State of California, the defendant then and there
36  before the filing of this complaint, did willfully and unlawfully being
37  confined in a state prison in this state and being conveyed to and from
38  a state correctional facility, to wit, Folsom State Prison, possess and
39
40
41  L9310050.002                         -- (1)

CA-77-0401

EX-A,p.47

carry upon his/her person and have under his/her custody and control an instrument or weapon of the kind commonly known as a sharp instrument.

That attached hereto and by this reference incorporated herein is a declaration setting forth facts in support of probable cause for the issuance of a warrant of arrest herein.

I declare upon information and belief and under penalty of perjury that the foregoing is true and correct.

Executed at Sacramento County, California, the 5th day of October, 1993.

_____
Declarant


SACRAMENTO COUNTY DISTRICT ATTORNEY
Address or Law Enforcement Agency

(916) 440-6637
Telephone Number

L9310050.002                    (2)

DA-77-0401

EX-A, p8 48

3

4          DECLARATION IN SUPPORT OF ARREST WARRANT 000106

5                (Made under 2015.5 CCP)

6

7     The undersigned hereby declares:

8     That your declarant is currently employed as a Deputy District

9 Attorney for the County of Sacramento, State of California.

10     That pursuant to said employment, your declarant has been assigned

11 to investigate allegations that defendant, ENRIQUE ZARAGOZA, did commit

12 the crime(s) as set forth in the attached complaint.

13     That pursuant to said assignment, your declarant has contacted

14 persons having knowledge of said offense and has prepared written

15 reports and statements, and has received and read written reports and

16 statements prepared by others known by your declarant to be law

17 enforcement officers, all of which reports and statements are included

18 in a report consisting of two (2) page(s) which is attached hereto as

19 Exhibit I and incorporated by references as though fully set forth.

20     That each of these documents is presently an official record of a

21 law enforcement agency.

22     WHEREFORE, your declarant prays that a warrant issue for the arrest

23 of the hereinabove-named defendant and that said defendant be dealt with

24 according to law.

25     I declare under penalty of perjury that the foregoing is true and

26 correct.

27     Executed on the 5th day of October, 1993, Sacramento, California.

28

29

30

31 Declarant

32 901 G Street,

33 Sacramento, California 95814

34 Sacramento County District Attorney

35

36

37

38

39

40

41 L9310050.002             (3)

DA-77-0401

EX-A, p8 49

000111

MINUTE ORDER
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE PRINTED: 09/11/00

--------------------------------------------------------------

CASE NO. KA048005

THE PEOPLE OF THE STATE OF CALIFORNIA
                          VS.
DEFENDANT 01:  ENRIQUE  ZARAGOZA JR

--------------------------------------------------------------

INFORMATION FILED ON 06/22/00.


COUNT 01: 2800.2(A) VC FEL  - ELUDE/FLEE FROM PURSUING OFFCR.


ON 09/11/00 AT  900 AM  IN L.A. SUPERIOR EAST DEPT EAM

CASE CALLED FOR COURT TRIAL ON PRIORS/P & S

THIS IS A THIRD STRIKE CASE.

PARTIES: ROBERT C. GUSTAVESON (JUDGE)  GREGORY JOHNSON  (CLERK)
         NANCY WILSON      (REP)  HABIB A. BALIAN  (DA)

DEFENDANT IS PRESENT IN COURT, AND REPRESENTED BY A. LINDARS 987.2 COURT
APPOINTED COUNSEL

ON PEOPLES MOTION INFORMATION IS AMENDED BY INTERLINEATION TO
CORRECT CONVICTION DATES IN CASES KA006938 AND KA010958 TO
2/11/91 AND 12/10/91 RESPECTIVELY AND CORRECT CASE NUMBER IN
CASE 93F08609 AS REFLECTED IN THE OFFICIAL NOTES OF THE REPORTER


JEFF FARRIS IS SWORN AND TESTIFIES FOR THE PEOPLE. PEOPLES
EXHIBITS 3) FINGERPRINT COMPARISON CERTIFICATION, 4) 9 PAGE
DEPARTMENT OF CORRECTIONS 969B PENAL CODE PACKET AND 5) 13 PAGE
CERTIFIED RECORDS FROM SACRAMENTO SUPERIOR COURT ARE MARKED FOR
IDENTIFICATION AND LATER ADMITTED IN EVIDENCE.

BOTH SIDES REST. COUNSEL ARGUE.

COURT FINDS PRIORS TO BE TRUE IN CASES KA010958 PURSUANT TO
PENAL CODE SECTION 667.5B AND IN CASES KA006938 AND 93F08609
PURSUANT TO PENAL CODE SECTIONS 1170.12A-D AND 667B-I.

DEFENDANT MOTION PURSUANT TO ROMERO IS DENIED. COURT FINDS NO
MITIGATING CIRCUMSTANCES.


                                    COURT TRIAL ON PRIORS/P & S
              PAGE NO..  1          HEARING DATE: 09/11/00

EX-A ips 50

000112

CASE NO. KA048005                                    DATE PRINTED 09/11/00
DEF NO.  01


NEXT SCHEDULED EVENT:
SENTENCING

AS TO COUNT (01):

COURT ORDERS PROBATION DENIED.

025 YEARS TO LIFE IMPRISONMENT AS TO COUNT (01)

DEFENDANT GIVEN TOTAL CREDIT FOR 259 DAYS IN CUSTODY 173 DAYS ACTUAL CUSTODY
AND 86 DAYS GOOD TIME/WORK TIME


COURT ORDERS AND FINDINGS:

-THE DEFENDANT IS TO PAY A RESTITUTION FINE PURSUANT TO SECTION
1202.4(B) PENAL CODE IN THE AMOUNT OF $ 200.00.

-DEFENDANT IS TO PAY A PAROLE RESTITUTION FINE, PURSUANT TO PENAL
CODE SECTION 1202.45, IN THE AMOUNT OF $200.00. SAID FINE IS
STAYED AND THE STAY IS TO BECOME PERMANENT UPON SUCCESSFUL
COMPLETION OF PAROLE.

-COURT ADVISES DEFENDANT OF HIS APPEAL/PAROLE RIGHTS.

AS TO THE 2 ONE YEAR PRIORS DEFENDANT IS SENTENCED TO 1 YEAR
EACH ON PRIOR CONVICTIONS IN CASES KA010958 AND 93F08609.
-SAID SENTENCE AS TO PRIOR CONVICTIONS IS STAYED PERMANENTLY.

NOTICE OF APPEAL IS RECEIVED.

COUNT (01): DISPOSITION: FOUND GUILTY - CONVICTED BY JURY

ABSTRACT ISSUED ON 09/11/00 FOR COUNT 01

DMV JUDGMENT CODE  J

NEXT SCHEDULED EVENT:
PROCEEDINGS TERMINATED

CUSTODY STATUS: DEFENDANT REMANDED.
CUSTODY STATUS: DEFENDANT REMANDED


                                         COURT TRIAL ON PRIORS/P & S
                    PAGE NO.   2         HEARING DATE: 09/11/00

CR-292

ABSTRACT OF JUDGMENT—PRISON COMMITMENT—~.. .ETERMINATE    000113
*[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]*

| | |
|---|---|
| ☒ XX SUPERIOR COURT OF CALIFORNIA, COUNTY OF | LOS ANGELES |
| ☐ MUNICIPAL   BRANCH OR JUDICIAL DISTRICT | EAST |

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA vs<br>DEFENDANT   01: ZARAGOZA, ENRIQUE JR. | DOB 12/23/71 | KA048005 ⊸A |
| | | ⊸B |
| AKA | | |
| CII# A08851987 | | ⊸C |
| BOOKING # 6450449 | ☐ NOT PRESENT | |
| COMMITMENT TO STATE PRISON<br>ABSTRACT OF JUDGMENT | ☐ AMENDED<br>ABSTRACT | ⊸D |

| DATE OF HEARING<br>09/11/00 | DEPT. NO.<br>EAST-M | JUDGE<br>ROBERT C GUSTAVESON |
|---|---|---|
| CLERK<br>GREGORY JOHNSON | REPORTER<br>NANCY WILSON | PROBATION NO. OR PROBATION OFFICER<br>X-00354712 |
| COUNSEL FOR PEOPLE<br>HABIB A BALIAN | | COUNSEL FOR DEFENDANT   ☒ XX APPTD<br>ARTHUR P LINDARS |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   _____ (number of pages attached)

| | | | | | | | CONVICTED BY | | | CONCURRENT | CONSECUTIVE | 654 STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CNT | CODE | SECTION NO | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | | JURY | COURT | PLEA | | | |
| 1 | VC | 2800.2(A) | ELUDE/FLEE FROM PURSUING OFFICERS | 2000 | 08 /18/00 | | X | | | | | |
| | | | | | / / | | | | | | | |
| | | | | | / /L | | | | | | | |
| | | | | | / / | | | | | | | |
| | | | | | / / | | | | | | | |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| CNT | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | 0 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST enhancements stricken under PC 1385.

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| 667.5(B) | S | 667.5(B) | S | | | | | 0 |
| | | | | | | | | |
| | | | | | | | | |

Defendant was sentenced to State Prison for an INDETERMINATE TERM:

4. ☐ For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts _____
5. ☐ For LIFE WITH POSSIBILITY OF PAROLE on counts _____
6. ☒ XX For __25__ years to life, WITH POSSIBILITY OF PAROLE on counts __1__
   PLUS enhancement time shown above.
7. ☐ Additional determinate term (see CR-290).
8. Defendant was sentenced pursuant to ☒ XXX PC 667(b)-(i) or PC 1170.12  ☐ PC 667.61  ☐ PC 667.7  ☐ PC 667.9
   ☐ other *(specify):* _____

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.
*(Continued on reverse)*

| | | |
|---|---|---|
| Form Adopted by the<br>Judicial Council of California<br>CR-292 [Rev. January 1, 1999] | ABSTRACT OF JUDGMENT—PRISON COMMITMENT—INDETERMINATE<br>*[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-292 ATTACHED]* | Penal Code, §§<br>1213, 1213.5 |

C312

EX-A, pg 52

000114

| PEOPLE OF THE STATE OF CALIFORNIA vs | 01. zaragoza, enrique jr. | | | |
|---|---|---|---|---|
| DEFENDANT | | -B | -C | -D |

| KA048005 -A | | | |

9. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):
   - a. RESTITUTION FINE of: $ 200.00 per PC 1202.4(b) forthwith per PC 2085.5.
   - b. RESTITUTION FINE of: $ 200.00 per PC 1202.45 suspended unless parole is revoked.
   - c. RESTITUTION of: $ _____ per PC 1202.4(f) to ☐ victim(s)* ☐ Restitution Fund
     (*List victim name(s) if known and amount breakdown in item 11, below.)
     - (1) ☐ Amount to be determined.
     - (2) ☐ Interest rate of: _____% (not to exceed 10% per PC 1204.4(f)(3)(F)).
   - d. ☐ LAB FEE of: $ _____ for counts: _____ per H&SC 11372.5(a).
   - e. ☐ DRUG PROGRAM FEE of $150 per H&SC 11372.7(a).
   - f. ☐ FINE of: $ _____ per PC 1202.5.

10. TESTING
   - a. ☐ AIDS pursuant to ☐ PC 1202.1 ☐ other (specify):
   - b. ☐ DNA pursuant to ☐ PC 290.2 ☐ other (specify):

11. Other orders (specify): THE COURT ADVISES THE DEFENDANT OF APPEAL/PAROLE RIGHTS.

12. Execution of sentence imposed
   - a. XX at initial sentencing hearing.
   - b. ☐ at resentencing per decision on appeal.
   - c. ☐ after revocation of probation.
   - d. ☐ at resentencing per recall of commitment. (PC 1170(d).)
   - e. ☐ other (specify):

13. CREDIT FOR TIME SERVED

| CASE NUMBER | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|
| KA048005 -A | 259 | 173 | 86 | 4019 |
| | | | | 2933.1 |
| -B | | | | 4019 |
| | | | | 2933.1 |
| -C | | | | 4019 |
| | | | | 2933.1 |
| -D | | | | 4019 |
| | | | | 2933.1 |

| DATE SENTENCE PRONOUNCED. 09/11/00 | SERVED TIME IN STATE INSTITUTION. ☐ DMH ☐ CDC ☐ CRC |
|---|---|

14. The defendant is remanded to the custody of the sheriff XX forthwith ☐ after 48 hours excluding Saturdays, Sundays, and holidays.

To be delivered to XX the reception center designated by the director of the California Department of Corrections.
☐ other (specify).

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE

CLERK OF THE COURT

SEPTEMBER 12, 2000    AL
Page two

CR-292 [Rev January 1, 1999]    ABSTRACT OF JUDGMENT—PRISON COMMITMENT—INDETERMINATE

EX-A, ps 53

1  ENRIQUE ZARAGOSA
   Booking #
2  C/O Los Angeles County Jail
   Terminal Annex
3  P. O. Box 86164
   Los Angeles, CA 90086-1064
4

5

6  Defendant in Propria Persona

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11  PEOPLE OF THE STATE OF CALIFORNIA,        )        CASE NO. KA048005
                                              )
12                           Plaintiff,       )
                                              )
13      vs.                                   )        NOTICE OF APPEAL
                                              )
14  ENRIQUE ZARAGOSA ,                        )
                                              )
15                           Defendant.       )
    _____ )

16          Comes now the defendant, Enrique Zaragosa , and appeals from the finding of a violation of

17  probation and sentence of the above-entitled court rendered on the 14TH  day of SEPTEMBER , 2000

18  and the whole thereof.

19          Further, defendant states that he is indigent and requests that the Court appoint an  attorney to

20  represent him in this matter.

21

22  DATED: SEPTEMBER 11, 2000

23                                            _____
                                              Defendant in Propria Persona
24

25

26

27

28  _____
              DEFENDANT'S NOTICE OF APPEAL IN PRO PER

EX-A, ps 54

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B144512 |
| Plaintiff and Respondent, | (Super. Ct. No. KA048005) |
| v. | |
| ENRIQUE ZARAGOZA, JR., | |
| Defendant and Appellant. | |

COURT OF APPEAL - SECOND DIST.

**F I L E D**

MAY 21 2001

JOSEPH A. LANE        Clerk

Deputy Clerk

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert C. Gustaveson, Judge. Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Senior Assistant Attorney General, Chung L. Mar and Alan D. Tate, Deputy Attorneys General, for Plaintiff and Respondent.

———————

Defendant and appellant Enrique Zaragoza, Jr., appeals the judgment entered after conviction by jury of evading a peace officer with reckless disregard for the safety of persons or property. (Veh. Code, § 2800.2, subd. (a).) The trial court sentenced Zaragoza to a term of 25 years to life in state prison. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Prosecution's evidence.*

Viewed in accordance with the usual rule of appellate review (*People* v. *Rodriguez* (1999) 20 Cal.4th 1, 11), the evidence established that on March 22, 2000, at approximately 2:40 a.m., Deputy Sheriff Kiley Hayden saw Zaragoza driving a 1980 Monte Carlo south on Nogales Street in Rowland Height. Hayden, who was on uniform patrol, attempted to stop the Monte Carlo to cite Zaragoza for driving the vehicle without a license plate lamp. Hayden drove the patrol vehicle directly behind the Monte Carlo and activated a red light but Zaragoza failed to yield. Hayden then activated the full light bar with rotating blue and red lights. Zaragoza suddenly turned left from Nogales Street onto Killian Avenue through a solid red light and around a left turn pocket. Zaragoza accelerated into a residential neighborhood at speeds between 40 and 50 miles per hour. Zaragoza went through stop signs, made various turns at high speed and caused a vehicle to swerve to avoid a collision. Zaragoza abruptly turned onto Dairen Street, lost control of the vehicle and almost collided with parked cars. Zaragoza turned left onto Annadel Avenue. Each time Zaragoza turned he slowed then accelerated until he reached the next turn. Zaragoza drove into a driveway on Calmette Avenue, "screeched" to a halt and was

Ex. A5

arrested. The entire chase covered approximately one mile. A tape recording of Hayden's radio transmissions during the chase was played for the jury and a transcript of the recording was admitted into evidence. Zaragoza told Hayden he was on parole, thought he had a warrant for his arrest, had just purchased the Monte Carlo and did not want it to be impounded.

### 2. Defense evidence.

Zaragoza admitted he had prior convictions of robbery and grand theft auto in 1991. Zaragoza further admitted he had failed to comply with the terms of a misdemeanor grant of probation and a warrant was outstanding for his arrest on March 23, 2000. Zaragoza knew Deputy Hayden wanted Zaragoza to stop the Monte Carlo but Zaragoza did not have a driver's license, knew he likely was going to be arrested and wanted to park the vehicle at the home of a girlfriend so it would not be impounded. Zaragoza denied he was trying to escape and claimed he drove "somewhat cautious[ly]" and did not intend to crash into anything, kill himself or hurt anyone.

### 3. Sentencing considerations.

The jury found Zaragoza guilty as charged. At a court trial on the prior conviction allegations, a forensic identification specialist matched Zaragoza's fingerprints to those found in a section 969b packet. The trial court found Zaragoza had two prior convictions within the meaning of the Three Strikes law and that he had served two prior prison terms

3

within the meaning of Penal Code section 667.5, subdivision (b). [1] The trial court

sentenced Zaragoza to a third strike term of 25 years to life in state prison.

## CONTENTIONS

Zaragoza contends the trial court erroneously instructed the jury in the words of

CALJIC Nos. 17.41.1, 1.00 and 17.42, the evidence was insufficient to support a true

finding on one of the prior convictions alleged within the meaning of the Three Strikes

law and the trial court abused its discretion in refusing to strike one of the prior

convictions in the interests of justice.

## DISCUSSION

1. *CALJIC Nos. 17.41.1, 17.42 and 1.00.*

The trial court instructed the jury, without objection, in the words of CALJIC

No. 17.41.1 as follows: "The integrity of a trial requires that jurors, at all times during

their deliberations, conduct themselves as required by these instructions. Accordingly,

should it occur that any juror refuses to deliberate or expresses an intention to disregard

the law or to decide the case based on [penalty or punishment, or] any [other] improper

basis, it is the obligation of the other jurors to immediately advise the Court of the

situation." The trial court further advised the jury in the words of CALJIC No. 17.42 not

to "discuss or consider the subject of penalty or punishment. This subject must not in any

way affect your verdict." The trial court also instructed the jury in the words of

---

[1]    Subsequent unspecified statutory references are to the Penal Code.

4

CALJIC No. 1.00, "You must accept and follow the law as I state it to you regardless of whether you agree with the law." [2]

Zaragoza claims these instructions falsely advised the jury it lacked the power to nullify and incorrectly admonished the jurors they would be subject to sanctions if they refused to follow the law. Zaragoza asserts these instructions were coercive and undermined his right to the independent, impartial decision of each juror and a unanimous verdict. Zaragoza compares the instructions given here to the instruction disapproved in *People v. Gainer* (1977) 19 Cal.3d 835, 856-857, in that they place excessive pressure on dissenting jurors to acquiesce in a verdict. Zaragoza concludes the instructions intruded on the sanctity of the deliberative process to such an extent as to constitute structural error which is reversible per se.

Jury nullification refers to the ability of a jury to refuse to apply a law perceived to be unjust or unpopular and acquit a defendant in a criminal case notwithstanding proof of guilt. Although jurors are said to have the naked power to nullify, there is no right to an instruction which advises the jury of this power. (*People v. Dillon* (1983) 34 Cal.3d 441, 487-488, fn. 39; *People v. Sanchez* (1997) 58 Cal.App.4th 1435, 1445-1446; *People v. Nichols* (1997) 54 Cal.App.4th 21, 24-25; *People v. Baca, supra,* 48 Cal.App.4th at

---

[2]     The People claim Zaragoza has waived any error associated with these instructions because he failed to object below. However, because the claims raised by Zaragoza affect his substantial rights, an objection was not necessary to preserve the claim for appellate review. (*People v. Smithey* (1999) 20 Cal.4th 936, 976-977, fn. 7; *People v. Flood* (1998) 18 Cal.4th 470, 482, fn. 7; *People v. Baca* (1996) 48 Cal.App.4th 1703, 1706; § 1259.)

Ex. A 59

pp. 1707-1708; *People v. Fernandez* (1994) 26 Cal.App.4th 710, 714-716; *United States v. Dougherty* (D.C. Cir. 1972) 473 F.2d 1113, 1130.) Indeed, because jurors are obliged to follow the instructions given by the trial court (*People v. Daniels* (1991) 52 Cal.3d 815, 865), an acquittal rendered in disregard of the evidence or the law constitutes a breach of the jury's oath to apply the law as it is described in the instructions (*People v. Williams* (May 7, 2001, S066106) ___ Cal.4th ___ [2001 Daily Journal D.A.R. 4369, 4376]). *United States v. Thomas* (2d Cir. 1997) 116 F.3d 606, 616, described jury nullification as "a sabotage of justice" and noted "trial courts have the duty to forestall or prevent such conduct, whether by firm instruction or admonition . . . ." Because CALJIC No. 17.41.1 merely adopts this suggestion, the trial court committed no error in giving the instruction in this case. [3]

Contrary to Zaragoza's assertions, CALJIC No. 17.41.1 is neither intrusive nor coercive. Rather, it correctly reminds the jury of its duty to decide the case based on the evidence presented at trial and the law as instructed by the court. Although Zaragoza focuses on the possibility CALJIC No. 17.41.1 might preclude nullification by a juror who intends to act in favor of the defense, the instruction is neutrally worded and thus also seeks to prevent nullification by jurors who would disregard the law in favor of the prosecution and convict on an improper basis.

---

[3]     The propriety of CALJIC No. 17.41.1 currently is pending before the California Supreme Court in *People v. Taylor*, review granted August 8, 2000, S088909, and *People v. Engelman*, review granted April 26, 2000, S086462.

Ex. A 60

Zaragoza's reliance on *Gainer* is misplaced. *Gainer* addressed the *Allen* or "dynamite" charge (*Allen* v. *United States* (1896) 164 U.S. 492 [41 L.Ed. 528]) so-called because it was designed to "blast" a verdict out of a deadlocked jury. (*People* v. *Gainer*, *supra*, 19 Cal.3d at p. 844.) The instruction had two aspects. The first incorrectly advised the jury the case must at some time be decided. The second, and more objectionable aspect, urged minority jurors to rethink their independent views in light of the opinions of the majority jurors. Unlike an *Allen* charge, CALJIC No. 17.41.1 does not suggest that jurors reevaluate their views in light of the opinion of the majority. To the contrary, it properly directs the jury to decide the case according to the law and the evidence presented at trial. Thus, *Gainer* is of no assistance to Zaragoza.

Finally, even assuming for the sake of argument that CALJIC No. 17.41.1 should not have been given and applying the strictest standard of review (*Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705]; *People* v. *Flood, supra,* 18 Cal.4th at p. 504), the error does not require reversal here. The jury deliberated less than two hours before reaching its guilty verdict. [4] The record does not indicate any request for reading of testimony or questions of the trial court. The fact the deliberations were brief and uneventful indicates none of the jurors intended to nullify in favor of the defense and thus the instruction was not a factor in the determination of Zaragoza's guilt. In sum, on this record, it would be pure speculation to suggest CALJIC No. 17.41.1 played a part in the

---

[4]    The jury retired to deliberate at 3:36 p.m. on August 17, 2000, and adjourned at 4:15 p.m. At 9:28 a.m. the next day, the jury reached its guilty verdict.

outcome of the trial. Accordingly, any error in the instruction must be seen as harmless. (*People* v. *Molina* (2000) 82 Cal.App.4th 1329, 1335-1336.)

   2. *The prior conviction allegation.*

Zaragoza contends the evidence introduced at the court trial with respect to the alleged prior conviction of aggravated assault by a prisoner in violation of section 4501 did not satisfy the definition of a serious felony.[5] Zaragoza claims a violation of section 4501 does not qualify as a prior serious or violent felony conviction unless the perpetrator personally used a dangerous or deadly weapon or personally inflicted great bodily injury on a person other than an accomplice. (*People* v. *Rodriguez* (1998) 17 Cal.4th 253, 261; § 1192.7, subd. (c)(8), (23).) Zaragoza concedes the prison packet includes a "Crime/Incident Report" which described the prison assault and indicates Zaragoza personally used a razor blade to slash repeatedly at another inmate. [6] However, Zaragoza

---

[5]    Section 4501 provides: "Every person confined in a state prison of this state except one undergoing a life sentence who commits an assault upon the person of another with a deadly weapon or instrument, or by means of force likely to produce great bodily injury, shall be guilty of a felony and shall be imprisoned in the state prison for two, four or six years to be served consecutively."

[6]    The "Crime/Incident Report" indicates that on May 24, 1993, Zaragoza and inmate Pacheco simultaneously attacked inmates Rosemond and McClain. Zaragoza repeatedly struck Rosemond with "side-to-side slashing-type motions." After Officer Morrow "verbally ordered the yard down two times," Zaragoza continued to fight with Rosemond and another inmate who had come to Rosemond's aid. Because the fight appeared to be escalating in the number of inmates involved, Morrow fired one round in the area of Zaragoza's leg. The round hit the ground and struck both Zaragoza and Rosemond with bullet fragments in the lower legs and feet. The fight immediately ceased and the yard was cleared without further incident. At the infirmary, a one inch by half an inch single edge razor blade with a half inch handle made of paper, string and tape was found in Zaragoza's left hand. Zaragoza was treated for multiple bullet fragment punctures and a 1.5 inch laceration to the right middle and ring fingers. Rosemond was

asserts the "Crime/Incident Report," like a police report, was not part of the record of conviction and constituted inadmissible hearsay. Zaragoza argues that, although the trial court noted Zaragoza's offense involved a weapon, it failed to find Zaragoza personally used a weapon or that the victim suffered great bodily injury. Without such findings, Zaragoza claims the conviction does not qualify as a prior conviction within the meaning of the Three Strikes law. Zaragoza further notes the words "and by means of force likely to cause great bodily injury" were stricken from the information, apparently at the time of Zaragoza's plea.

The People respond there was no need to prove personal use of a deadly weapon or infliction of great bodily injury because "assault with a deadly weapon by an inmate" is a specifically enumerated serious felony. (§ 1192.7, subd. (c)(13).) Zaragoza pleaded guilty to an information which alleged "assault upon the person of DEMAR ROSEMOND, a human being, with a deadly weapon or instrument, to wit, sharp instrument, . . ." "while confined in a state prison . . . serving less than a life term" in violation of section 4501. Thus, the prior conviction qualified as a serious felony under section 1192.7 subdivision (c) (13).

In the reply brief, Zaragoza asserts his admission of assault with a sharp instrument is insufficient to satisfy section 1192.7, subdivision (c)(13). Zaragoza points out section 1192.7, subdivision (c)(11), refers to an assault with a deadly weapon or

---

treated for numerous lacerations to the forearms and legs and multiple bullet fragment punctures to the left leg. Pacheco was treated for abrasions to the left forearm and upper shoulders and a split lower lip.

9

instrument on a peace officer and suggests the omission of the words "or instrument" from section 1192.7, subdivision (c)(13), reveals a legislative intent to omit assaults with an instrument by an inmate from the serious felony definition. Therefore, according to Zaragoza, the evidence is insufficient.

Zaragoza's claim of error fails. Although the abstract of judgment summarizes this conviction as "AGG ASSAULT B/PRISONER," the record of conviction demonstrates Zaragoza admitted assault with a deadly weapon or instrument, to wit, sharp instrument. (See *People* v. *Reed* (1996) 13 Cal.4th 217, 226.) Because the elements of the offense admitted by Zaragoza satisfied the requirements of section 1192.7, subdivision (c)(13), the conviction qualified as a serious felony.

Zaragoza's argument to the contrary would have more persuasive force had Zaragoza admitted only assault with a sharp instrument. Indeed, Zaragoza argues the issue as if that is all he admitted. However, the record of conviction demonstrates the words "sharp instrument" merely described the deadly weapon or instrument utilized by Zaragoza in the assault. Because the word "deadly" modifies both "weapon" and "instrument," Zaragoza's admission satisfies section 1192.7, subdivision (c)(13). The fact section 1192.7, subdivision (c)(11), refers to assault with a deadly weapon or instrument and section 1192.7, subdivision (c)(13) describes only assault with a deadly weapon does not affect the result. Both definitions require the object utilized to be "deadly." Zaragoza's admission satisfies this critical requirement.

Ex. A 64

Thus, even without the "Crime/Incident Report," the evidence was sufficient to support the prior conviction allegation. The fact the words "and by means of force likely to cause great bodily injury" were stricken from the information does not alter the analysis. Such force was not necessary to the prior conviction allegation and the allegation of force likely to cause great bodily injury was in the conjunctive, rather than the disjunctive, in any event.

In sum, Zaragoza's claim of insufficient evidence fails.

3. *The motion to strike the prior convictions.*

Zaragoza contends the trial court abused its discretion in failing to strike one of the prior serious or violent felony convictions. (*People v. Banks* (1997) 59 Cal.App.4th 20, 24.) Zaragoza asserts the pursuit was not long or protracted covering approximately one mile and did not involve high speeds, injury to persons or damage to property. Zaragoza cooperated with arresting officers after he stopped and offered some justification for fleeing. Zaragoza argues the evidence shows a lapse of judgment rather than an intent to do harm and concludes, based on the circumstances of the current offense, that he falls outside the spirit of the Three Strikes law. Zaragoza further points out his robbery conviction was nine years old, did not involve a weapon or injury to the victim, the offense was relatively minor and Zaragoza received probation for it. Zaragoza further asserts he had found employment as a truck driver after his most recent release from prison and was working toward becoming a more productive citizen.

11

Ex. A 65

Zaragoza concludes the trial court should have stricken one of the prior convictions. (*People* v. *Williams* (1998) 17 Cal.4th 148, 161.)

We disagree. *People* v. *Williams, supra,* 17 Cal.4th at p. 161, explained that, in ruling on a motion to strike a prior conviction under the Three Strikes law, the trial court must consider whether, in light of the nature and circumstances of the present offense, the prior felony convictions, and the particulars of the defendant's background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he or she had not previously been convicted of one or more serious or violent felonies. This court reviews the trial court's action for an abuse of discretion. Such an abuse is found only where the trial court's sentencing choice is "arbitrary or capricious or ' "exceeds the bounds of reason, all of the circumstances being considered." ' [Citations.]" (*People* v. *Welch* (1993) 5 Cal.4th 228, 234; *People* v. *Stewart* (1985) 171 Cal.App.3d 59, 65.)

Here, the trial court followed the procedure suggested by *Williams* and concluded an order striking Zaragoza's prior convictions would be inappropriate. In colloquy preceding this conclusion, the prosecutor noted Zaragoza had two sustained juvenile petitions, one for attempted robbery, and, in response to the trial court's question, indicated Zaragoza's 1991 robbery conviction involved the use of a four foot long stick raised overhead to effect the taking of a bicycle. Although Zaragoza received probation as a result of that case, the report of the probation officers reveals Zaragoza was convicted in 1992 of taking a vehicle without the owner's consent and evading a peace

EX A65

officer with reckless disregard, the same offense Zaragoza committed here. Probation thereupon was revoked in the robbery case and Zaragoza was sentenced to prison. While Zaragoza was incarcerated for those offenses he committed the razor attack discussed in the preceding section.

After reviewing this evidence, and receiving a personal statement from Zaragoza, the trial court noted Zaragoza had exercised extremely poor judgment and part of the problem was that Zaragoza believed he had responded rationally to the situation "and that makes him a danger to society."

The trial court's conclusion is supported by the record. Additionally, Zaragoza had been on parole at the time of the commission of this offense and, although no one suffered injury as a result of Zaragoza's conduct, his driving presented great potential for serious injury to pedestrians and other motorists. Finally, Zaragoza's claim of employment as a truck driver conflicts with his trial testimony that he had never had a driver's license.

Based on the foregoing, and paraphrasing *Williams*, in light of the nature and circumstances of Zaragoza's present felony of evading a peace officer with reckless disregard for the safety of persons and property, his prior convictions which included robbery, aggravated assault by an inmate, driving a vehicle without the owner's consent and evading a peace officer with reckless disregard, and also in light of the particulars of his background, character, and prospects, which were not positive, Zaragoza "cannot be deemed outside the spirit of the Three Strikes law . . . ." (*People v. Williams, supra,* 17

13

Cal.4th at p. 163.)  In sum, we conclude the trial court did not abuse its discretion in refusing to strike either of Zaragoza's prior serious felony convictions.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KLEIN, P.J.

We concur:

CROSKEY, J.

ALDRICH, J.

14

Ex. A 67

Court of Appeal, Second Appellate District, Division Three - No. B144512
S098631

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

THE PEOPLE, Plaintiff and Respondent,

v.

ENRIQUE ZARAGOZA, Defendant and Appellant.

SUPREME COURT
FILED

AUG - 8 2001

Frederick K. Ohlrich Clerk

DEPUTY

Petition for review DENIED.

GEORGE

Chief Justice

Ex. A  68

FILED
CLERK U. S DISTRICT COURT

AUG 26 2002

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
JS-2/JS-3 ____
Scan Only____

ENTERED
CLERK. U S  DISTRICT COURT

AUG 27 2002
                    2002

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ENRIQUE ZARAGOZA, JR., | No. CV 01-8853-FMC (PLA) |
| Petitioner, | |
| v. | **JUDGMENT** |
| A.A. LaMARQUE, Warden, | |
| Respondent. | THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d). |

Pursuant to the order adopting the magistrate judge's final report and recommendation, IT IS ADJUDGED that the petition in this matter is denied and dismissed with prejudice.

DATED: *Aug. 23, 2002*

HONORABLE FLORENCE-MARIE COOPER
UNITED STATES DISTRICT JUDGE

EX. A  69

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

ENRIQUE ZARAGOZA, JR.,

Petitioner - Appellant,

v.

A. LAMARQUE, Warden, Warden,

Respondent - Appellee.

No.  02-56697

D.C. No.  CV-01-08853-FMC

**JUDGMENT**

Appeal from the United States District Court for the Central District of California, Los Angeles.

This cause came on to be heard on the Transcript of the Record from the United States District Court for the Central District of California, Los Angeles and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 08/15/05

EX. A 70

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

June 12, 2006

Mr. Enrique Zaragoza
Prisoner ID #H-22428
P.O. Box 1902
Tehachapi, CA  93581

Re:  Enrique Zaragoza, Jr.
     v. Mike Evans, Acting Warden
     No. 05-10585

Dear Mr. Zaragoza:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

*William K. Suter*

William K. Suter, Clerk

EX. A 71

# EXHiBiT-"B"

## OF PETITION FOR WRIT OF HABEAS CORPUS

EX.A 72

1 of 1 DOCUMENT

**ENRIQUE ZARAGOZA, Jr., Petitioner - Appellant, v. A. LAMARQUE, Warden, Respondent - Appellee.**

No. 02-56697

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

2005 U.S. App. LEXIS 17410

August 1, 2005**, Submitted

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

August 15, 2005, Filed

**NOTICE:** [*1] RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** Appeal from the United States District Court for the Central District of California. D.C. No. CV-01-08853-FMC. Florence Marie Cooper, District Judge, Presiding.

**DISPOSITION:** AFFIRMED.

**LexisNexis(R) Headnotes**

**COUNSEL:** For **ENRIQUE ZARAGOZA, JR.,** Petitioner - Appellant: Darlene M. Ricker, Esq., Malibu, CA.; **ENRIQUE ZARAGOZA,** JR., Petitioner - Appellant, Pro se, CCIT - CALIFORNIA CORRECTIONAL INSTITUTION (TEHACHAPI), Tehachapi, CA.

For A. LAMARQUE, Warden, Warden, Respondent - Appellee: Scott A. Taryle, Esq., AGCA - OFFICE OF THE CALIFORNIA ATTORNEY GENERAL (LA), Los Angeles, CA.

**JUDGES:** Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

**OPINION:**

MEMORANDUM*

California state prisoner **Enrique Zaragoza,** Jr., appeals the district court's order denying his 28 U.S.C. § 2254 petition challenging his 25-years-to-life sentence imposed for evading a peace officer. We have jurisdiction pursuant to 28 U.S.C. § 2253, and review *de novo* the denial of his § 2254 petition, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir. 1999). [*2] After considering the briefs filed, we affirm.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

The certificate of appealability was granted as to whether there was insufficient evidence to support the state court's findings that appellant had a prior conviction of assault with a deadly weapon. A review of the record establishes the fact that appellant has a prior conviction of assault with a deadly weapon by an inmate and that this prior conviction constitutes a "serious" prior felony. *See* Cal. Penal Code § 1192.7(c)(13). To the extent appellant contends that the evidence was insufficient to prove his assault conviction was a serious prior felony conviction pursuant to California's Three-Strikes Law, such contention fails. Moreover, this is an issue of state law and as such is generally not cognizable on federal habeas review, *see Miller v. Vasquez,* 868 F.2d 1116, 1118-19 (9th Cir. 1989) [*3] (noting that whether a prior conviction qualifies for a sentence enhancement under California law is not a cognizable federal habeas claim), and appellant has failed to state a claim for which federal relief could be granted. *See* 28 U.S.C. § 2254(a).

Appellant also contends that counsel was ineffective for failing to object to hearsay evidence introduced in

EX-A 73

connection with his prior conviction for assault. However, appellant cannot demonstrate prejudice from the omission because the prior judgment alone is sufficient to show the offense was "serious" under California's Three-Strikes Law. *See Strickland v. Washington,* 466 U.S. 668, 694, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).

We construe the remaining contentions in the opening brief which fall outside the scope of the certificate of appealability as a request to broaden the certificate of appealability. That request is denied because there has been no substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Counsel's motion to withdraw is granted.

**AFFIRMED.**

# EXHiBiT-"C"

OF PETiTiON FOR WRiT OF HABEAS CORPUS

EX.A 75

**FILED**

UNITED STATES COURT OF APPEALS DEC 2 3 2002

FOR THE NINTH CIRCUIT CATHY A. CATTERSON
CLERK, U.S. COURT OF APPEALS

---

| | |
|---|---|
| ENRIQUE ZARAGOZA, JR., | No. 02-56697 |
| Petitioner - Appellant, | D.C. No. CV-01-8853-FMC |
| v. | Central California |
| A. A. LAMARQUE, Warden, | ORDER |
| Respondent - Appellee. | |

Before: Peter L. Shaw, Appellate Commissioner

The Clerk shall file appellant's motion for an extension of time to appeal received October 21, 2002. That motion is denied as unnecessary because appellant's notice of appeal filed September 23, 2002, is timely to appeal the district court's judgment entered August 27, 2002. *See* Fed. R. App. P. 4(a)(1)(A).

The district court's order entered October 31, 2002, granted appellant leave to appeal in forma pauperis. Accordingly, appellant's motion for leave to proceed in forma pauperis on appeal is denied as unnecessary. The Clerk shall amend the docket to reflect appellant's in forma pauperis status.

Appellant's motion for appointment of counsel is granted. *See* 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Counsel will be appointed by separate order.

The Clerk shall serve a copy of this order by facsimile transmission on Maria E. Stratton, Federal Public Defender, 321 East Second Street, Los Angeles, California 90012-4206 (FAX: (213) 894-0081), who will locate appointed counsel. The district

EX. A 76

02-56697

court shall provide this court with the name and address of appointed counsel by facsimile transmission (FAX: (415) 556-6228) within 14 days of locating counsel. New counsel shall have 40 days from the filing date of this order within which to move for a broader certificate of appealability under Ninth Circuit Rule 22-1. If petitioner files a motion for broader certification, respondent shall have 35 days from service of the motion within which to file a response.

Appellant's November 4, 2002, motion for leave to appeal in forma pauperis contains a request for reporter's transcripts at government expense. That request is denied without prejudice to renewal by new counsel.

The opening brief and excerpts of record are due February 18, 2003; the answering brief is due March 20, 2003; the optional reply brief is due within 14 days after service of the answering brief.

*Peter L. Shaw*
General Order 6.3(e)

EX. A 77

# CONCLUSION

FOR THE FOREGOING REASONS, PETITIONER RESPECTFULLY URGES THIS HONORABLE COURT TO GRANT REVIEW OF HIS CASE.


DATED: 2-25-07


RESPECTFULLY SUBMITTED,

BY Enrique Zaragoza Jr.

ENRIQUE ZARAGOZA JR.

IN PROPRIA PERSONA

EX. A 78

# EXHiBiT-A
## OF PETITION OF REVIEW

IN THE SUPREME COURT OF THE STATE
OF CALIFORNIA

EX A 79

IN THE
# Court of Appeal of the State of California

### IN AND FOR THE

## THIRD APPELLATE DISTRICT

# FILED

### JAN 2 5 2007

**COURT OF APPEAL - THIRD DISTRICT**
**DEENA C. FAWCETT**
**BY**_____ Deputy

In re ENRIQUE ZARAGOZA on Habeas Corpus.

C054650
Kern County
No.

BY THE COURT:

The petition for writ of habeas corpus is denied.  (See *People v. Reed* (1998) 62 Cal.App.4th 593, 597-598; *People v. Bernal* (1994) 22 Cal.App.4th 1455, 1457; *People v. Crosby* (1992) 3 Cal.App.4th 1352.)

Dated:  January 25, 2007

DAVIS, Acting P.J.

---------------------------------

cc: See Mailing List

*Ex. A* **80**

**FORM E**

Proof of Service by Mail

[Case Name and Court Number]

I declare that:

I am a resident of *TEHACHAPi* in the county of *KERN*,

California.  I am over the age of 18 years.  My residence address is: *ENRIQUE ZARAGOZA C.D.C # H-22428 CALIFORNIA CORRECTIONAL INSTITUTION P.O. BOX 1906 TEHACHAPi CA 93581*.

On *2-13-08*, I served the attached *3.) APPLICATION TO PROCEED IN FORMA PAUPERIS* *1.) HABEAS CORPUS WRIT 2.) MOTION FOR APPOINTMENT OF COUNSEL* on the

*Respondant* in said case by placing a true copy thereof enclosed in a sealed

envelope with postage thereon fully paid, in the United States mail at *THE CALIFORNIA CORRECTIONAL INSTITUTION, TEHACHAPi CA.*
addressed as follows: *CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA 450 Golden GATE Avenue, BOX 36060 SAN FRANCISCO, CA 94102*.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct, and that this declaration was executed on *2-13-08* [date],

at *TEHACHAPi*, California.

*ENRIQUE ZARAGOZA*
[Type or Print Name]

*Enrique Zaragoza*
[Signature]

ENRIQUE ZARAGOZA #H-22428
CALIFORNIA CORRECTIONAL INSTITUTION
4B-2B-108
P.O. Box 1906
TEHACHAPI, CA. 93581

RECEIVED
FEB 25 7008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Clerk of the United States
District Court
FOR THE NORTHERN DISTRICT OF
CALIFORNIA
450 GOLDEN GATE Avenue
Box 36060
San Francisco, CA. 94102